# Richmond

## MIKE ODELL MIDKIFF

## v.

## COMMONWEALTH OF VIRGINIA

January 22, 1982.

Record No. 801695.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*A. L. Philpott; James W. Haskins (Philpott & McGhee; Young, Kiser, Haskins, Mann, Gregory & Young,* on brief), for appellant.
*Jeffrey A. Spencer, Assistant Attorney General (Marshall Coleman, Attorney General; Walter A. McFarlane, Deputy Attorney General,* on brief), for appellee.

PER CURIAM.

Upon a plea of guilty, the trial court convicted the defendant, Mike Odell Midkiff, of driving under the influence of intoxicants. Code § 18.2-266. Following his conviction, the defendant moved the court to assign him to one of the alcohol programs authorized by Code § 18.2-271.1. The court denied the motion, sentenced the defendant to pay a fine of $200, and suspended his operator's license for six months.

Code § 18.2-271.1 provides that a general district court or a circuit court may assign to an alcohol safety action program (ASAP) or a driver alcohol rehabilitation program any person charged with driving under the influence. Upon the person's successful completion of the program, the court may dismiss the charge or reduce it to a lesser offense.

At the heart of the issue on appeal is an amendment to Code § 18.2-271.1(a), effective July 1, 1980. In pertinent part, the amendment reads:

> If such person has never entered into or been committed to a driver alcohol safety action program or driver alcohol rehabilitation program . . . upon motion of the accused or his

counsel, *the court shall give mature consideration to the needs of such person in determining whether he be allowed to enter such program . . . .* [Emphasis added.]

The defendant contends that the General Assembly intended by the use of the italicized language above to impose upon every court the duty to give "good faith, mature consideration to the motion of a defendant that he be placed in an appropriate program authorized by the statute." It was stipulated below, the defendant points out, that "there was an active alcohol safety action program and an alcohol rehabilitation program operating in Henry County." Yet, the defendant asserts, the records of the trial court show that "no person convicted [in that court] of driving under the influence has ever been placed or assigned to [such] a program." Indeed, the defendant notes, the trial judge announced at a docket call in July, 1980, that "no one convicted of driving under the influence would be assigned to an alcohol rehabilitation program."

The defendant maintains that these facts indicate the trial court did not give "good faith consideration" to his request for assignment to an alcohol program. Thus, the defendant concludes, the trial court's refusal of his motion "does not really involve an abuse of discretion," but a "failure to exercise any discretion" at all.

█ We agree with the defendant that the 1980 amendment imposes upon a court in a drunk-driving case the duty to give "good faith consideration" to a motion to assign the accused to an alcohol program authorized by Code § 18.2-271.1.* We do not agree, however, that the trial court failed to exercise the discretion vested by the Code section, or that the court abused its discretion, when it denied the defendant's motion.

█ In the discussion concerning the motion, the question arose whether the 1980 amendment applied to the defendant's case, since he was charged before the effective date of the amendment. In disposing of the motion, however, the trial judge said

---

* The defendant makes the additional argument that the trial court's interpretation of Code § 18.2-271.1 has the effect of denying him equal protection of the laws. He concedes, however, that the statute is "constitutionally sound" if we construe it to require "good faith mature consideration" of a motion for assignment to an alcohol program. Because we construe the statute to require good faith consideration of such a motion, the constitutional question becomes moot.

that he would assume that "the amendment does apply." The judge then stated:

> I listened to the evidence in this case very carefully and it strikes me as a very severe case of driving under the influence. The defendant was very much under the influence of intoxicants (0.16) and was operating his motor vehicle at 10:30 at night at a speed in excess of ninety miles an hour. To me this was an exceedingly dangerous situation . . . . Let me say for the record that I have maturely and seriously considered the needs of the defendant and [defense counsel's] request that the defendant be placed in an ASAP program, and the same will be denied for reasons set out above.

We accept at face value the trial judge's statement that he "maturely and seriously considered" the defendant's motion for assignment to an alcohol program. For purposes of appeal, this statement demonstrates both that the judge gave "good faith consideration" to the motion and that he exercised his discretion in its disposition. Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*