### Richmond

MICHAEL RAY BLEVINS

V.

TOWN OF MARION

October 14, 1983.

Record No. 821542.

Present: All the Justices.

*Walter R. C. Stamper* for appellant.
No brief or argument for appellee.

PER CURIAM.

In this appeal from a conviction of driving while intoxicated, the sole question before us is whether the trial court gave due consideration to the defendant's motion to admit him to an alcohol rehabilitation program.

Michael Ray Blevins was convicted in the general district court of driving while intoxicated. He appealed to the circuit court, waived jury trial, and was again found guilty in a trial *de novo.* The court then inquired whether Blevins had any previous convictions of like character. Defense counsel replied, "Prior to 1975, Your Honor, I believe it was 1971." The prosecution waived argument concerning punishment. Defense counsel then stated:

> Your Honor, I believe the defendant is a suitable candidate for the VASAP Program. I believe that the program is designed for people such as him. His conviction of DWI one other time was much prior to the time when VASAP was implemented.

The court responded:

> Well, gentlemen, I don't find him to be a suitable candidate. I've never put anybody on that came in and entered a plea of not guilty and gone through a trial and then say, "Well now I believe I'd like to have the benefits of this process here." I just found him guilty. I'm going to fix his punishment at a fine of two hundred and fifty dollars and suspend his license for a period of nine months. And so there will be no problem, I'm going to give him thirty days in jail. So, Mr. Blevins, you have anything to say or offer as to why the Court should not sentence you at this time?

The court later suspended execution of the jail sentence, conditioned upon payment of fine and costs. We granted an appeal, limited to the question whether the trial court had given mature consideration to Blevins' motion to be admitted to an alcohol safety action program as required by law.

The relevant statute provides as follows:

(a) Any person convicted of a violation of § 18.2-266, or any ordinance of a county, city or town similar to the provisions thereof, or any second offense thereunder, may, with leave of court or upon court order, enter into an alcohol safety action program, or a driver alcohol rehabilitation program or such other alcohol rehabilitation program as may in the opinion of the court be best suited to the needs of such person, in the judicial district in which such charge is brought or in any other judicial district upon such terms and conditions as the court may set forth. In the determination of the eligibility of such person to enter such a program, the court shall consider his prior record of participation in any other alcohol rehabilitation program. If such person has never entered into or been committed to a driver alcohol safety action program or driver alcohol rehabilitation program or similar rehabilitation or education program, in keeping with the procedures provided for in this section, *and upon motion of the accused or his counsel, the court shall give mature consideration to the needs of such person in determining whether he be allowed to enter such program.*

Code § 18.2-271.1(a) (emphasis added).

 We considered this question in *Midkiff* v. *Commonwealth,* 223 Va. 1, 286 S.E.2d 150 (1982), where we held that the above-quoted statute imposes upon a court in a drunk-driving case the duty to give "good faith consideration" to a defendant's motion for admission to an authorized alcohol rehabilitation program. In *Midkiff,* the defendant asserted that the trial judge had announced at a docket call that no person convicted of driving under the influence would be assigned to an alcohol rehabilitation program and that the court records showed that no such assignment had ever in fact been made. Nevertheless, the trial court, in ruling on Midkiff's motion for assignment to such a program, stated:

I listened to the evidence in this case very carefully and it strikes me as a very severe case of driving under the influence. The defendant was very much under the influence of intoxicants (0.16) and was operating his motor vehicle at 10:30 at night at a speed in excess of ninety miles an hour. To me this was an exceedingly dangerous situation . . . . Let me say for the record that I have maturely and seriously considered the needs of the defendant and [defense counsel's] request that the defendant be placed in an ASAP program, and the same will be denied for reasons set out above.

*Id.* at 4, 286 S.E.2d at 151.

We accepted the trial court's statement at face value, concluded from it that the court had given good faith consideration to Midkiff's motion, and affirmed the judgment.

■ Here, by contrast, the record discloses no indication that the trial court gave good faith consideration to the similar motion made by Blevins. The court's remarks indicate that it deemed the defendant to be an unsuitable candidate and denied his motion upon the sole ground that he had availed himself of his constitutional right to stand upon a plea of not guilty, thus putting the prosecution to its proof.

The ambit of the alcohol rehabilitation statute is not limited to those who plead guilty. It requires the court to give good faith consideration to such a motion made by any convicted defendant who is a first or second offender and who has not previously entered a similar program. The ultimate decision rests in the trial court's discretion, but that discretion may only be exercised after the court gives "mature consideration to the needs of such person."

Finding no error in the conviction of driving while intoxicated, we will affirm it. For the reasons stated above, however, the sentence will be reversed and vacated, the case remanded to the circuit court, and Blevins' motion reinstated on its docket with direction that good faith consideration be given thereto prior to the imposition of sentence.

*Affirmed in part,*
*reversed in part,*
*and remanded.*