ALEXANDER L. TAYLOR

v.

COMMONWEALTH OF VIRGINIA

No. 0955-89-2

Decided April 30, 1991

420

COUNSEL

J. Burkhardt Beale (Boone, Beale, Carpenter & Cosby, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General; Robert H. Anderson, III, Assistant Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—Alexander L. Taylor was convicted of operating a motor vehicle in violation of Code § 18.2-266(i), while having a blood alcohol concentration (BAC) of 0.10 percent or more by weight by volume as indicated by a breath test. He presents two questions on this appeal: (1) whether the trial judge erred in instructing the jury that the test measured the amount of alcohol at the time of the offense; and (2) whether the trial judge abused his discretion in denying Taylor's motion to enter the Alcohol Safety Action Program (ASAP). We reverse the conviction as to both questions and remand for a new trial.

The evidence at trial proved that police officer Jerome J. George found Taylor at approximately 4 a.m. "slumped over the wheel [and] snoring" in the driver's seat of a van that had collided with a parked car. The van's transmission was in drive and the engine was running. George detected the smell of liquor on Taylor's breath and noted that Taylor's clothing was "somewhat disarranged," his eyes were "watery," and his speech was slurred. George asked Taylor to perform certain coordination tests and

noted that Taylor was "staggering" during the tests. George arrested Taylor at approximately 4:15 a.m. and took him to a police station, where Taylor was given a breathalyzer test at approximately 5:06 a.m. The BAC reading was 0.11, a level above the 0.10 statutory minimum.

The trial judge ruled, over Taylor's objection, that the test results were admissible since Taylor was arrested within the statutory limit of two hours after the operation of the van and was tested according to appropriate procedures. Taylor's counsel also moved to strike the Commonwealth's evidence, arguing that the Commonwealth had not offered testimony to establish a link between Taylor's 5:06 a.m. BAC reading and Taylor's BAC at the time of the 3:58 a.m. collision. The trial judge denied the motion to strike.

In his defense, Taylor offered testimony from Peter Marone, assistant director of the Virginia Bureau of Forensic Science, concerning the manner in which the human body handles alcohol. Marone described how a person's BAC level varies according to three phases after alcohol is ingested, and he explained in detail the absorptive phase, the post-absorptive phase, and the final elimination phase. Marone testified that the breath test "measures the blood alcohol at the time the test was actually done." He further testified that he could not determine Taylor's BAC at the time of the accident, unless he had other information, including "the exact time of the drink."

At the conclusion of all the evidence, the Commonwealth offered the following instruction:

> You have received evidence of the amount of alcohol in the blood of the defendant at the time of the alleged offense. If there was at that time 0.10 percent or more alcohol in the defendant's blood, there is a rebuttable presumption that the defendant was under the influence of alcohol. This presumption may be rebutted by other evidence.

Taylor objected to the instruction on the ground that the first sentence was inaccurate and contrary to the evidence. The trial judge overruled the objection and gave the instruction. The jury convicted Taylor.

Taylor's counsel requested the trial judge to allow Taylor to attend an Alcohol Safety Action Program (ASAP) instead of receiving the six-month license suspension. The trial judge denied the motion, stating that Taylor's testimony did not indicate that he had a drinking problem and that ASAP is only for persons who "have a drinking problem." In accordance with the jury verdict, the trial judge imposed a fine of five hundred dollars and also suspended Taylor's driving license for six months.

 "The purpose of an instruction is to furnish guidance to the jury in their deliberations, and to aid them in arriving at a proper verdict, so far as it is competent for the court to assist them." *Cooper v. Commonwealth*, 2 Va. App. 497, 500, 345 S.E.2d 775, 777 (1986) (quoting 75 Am. Jur. 2d *Trial* § 573 (1974)). Instructions should relate to and must find support in the evidence of the case. *See Terry v. Commonwealth*, 5 Va. App. 167, 170, 360 S.E.2d 880, 882 (1987); *Johnson v. Commonwealth*, 2 Va. App. 447, 457, 345 S.E.2d 303, 309 (1986). "[T]he trial judge should [instruct] the jury as to the law of the case applicable to the facts in such a manner that they may not be misled." *Cooper*, 2 Va. App. at 500, 345 S.E.2d at 777.

The breath test was given in accordance with the provisions of Code § 18.2-268. Although the test results were properly admitted, the instruction was factually incorrect and contrary to Marone's unrefuted, expert testimony. Marone testified that the test measures the amount of alcohol in the blood at the time of the test. The instruction incorrectly stated what the test measures. It is reasonable to conclude that the instruction had the effect of erroneously conveying to the jury the impression that Marone's testimony was wrong as to that fact and, thus, the instruction had the potential to cause the jury to disbelieve other portions of Marone's testimony. Because the instruction also informed the jury that the "presumption" which arises from the test results "may be rebutted by other evidence," the mistake in describing what the test measures could have had the effect of causing the jury to err in judging that evidence. No evidence in the record supports the statement in the instruction that "you have received evidence of the amount of alcohol in the blood of the defendant at the time of the alleged offense." Therefore, the instruction should

not have been given in the stated form.[1]

■ Code § 18.2-271.1(A) provides that a person convicted of violating Code § 18.2-266 (driving while intoxicated) can enter an ASAP program upon the discretion of the court. In *Blevins v. Town of Marion*, 226 Va. 200, 308 S.E.2d 105 (1983), the Supreme Court stated:

> [The alcohol rehabilitation statute] requires the court to give good faith consideration to such a motion made by any convicted defendant who is a first or second offender and who has not previously entered a similar program. The ultimate decision rests in the trial court's discretion, but that discretion may only be exercised after the court gives "mature consideration" to the needs of such person.

*Id.* at 203, 308 S.E.2d at 106.

■ The record does not support a finding that the trial judge gave mature consideration to Taylor's motion. Taylor has no prior DUI convictions, holds two jobs, and recently incurred the removal of a brain tumor. Taylor denied he has a drinking problem. The trial judge expressed the view that the ASAP program is only for people who have a drinking problem. Nothing in the statute supports the view expressed by the trial judge. Because we conclude that the statute is not limited to people who have a drinking problem, we hold that the trial judge abused his discretion when using that view of the statute as a disqualifying factor.

---

[1] Because this case may be retried, we also note that the contested instruction contained a statement of law inapplicable to a prosecution for a violation of Code § 18.2-266(i), as this Court has interpreted that statute. *See Davis v. Commonwealth*, 8 Va. App. 291, 300, 381 S.E.2d 11, 16 (1989). The instruction given to the jury states: "If there was at that time 0.10 percent or more alcohol in the defendant's blood, there is a rebuttable presumption that the defendant was under the influence of alcohol." Taylor was charged and tried, however, for driving "while . . . [having] a blood alcohol concentration of 0.10." Code § 18.2-266(i). The precise issue for the jury was whether Taylor had a BAC level of 0.10 when he was operating a motor vehicle. Whether Taylor was "under the influence" had no relevance in this case. *Compare Davis*, 8 Va. App. at 300, 381 S.E.2d at 16 *with Davis*, 8 Va. App. at 302-05, 381 S.E.2d at 17-19 (Benton, J., dissenting).

Accordingly, we reverse the conviction and remand the case for a new trial.

*Reversed and remanded.*

Koontz, C.J., and Cole, J., concurred.