COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


STEVEN L. WHIBLEY
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1515-97-4           JUDGE CHARLES H. DUFF
                                       OCTOBER 27, 1998
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                 Alfred D. Swersky, Judge

        Dale Edwin Sanders (Sanders & Associates, on
        brief), for appellant.

        Kathleen B. Martin, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.



     Steven L. Whibley appeals his conviction for driving while

intoxicated.  He contends that the trial judge erred in admitting

into evidence a certificate of breath alcohol analysis.  We

disagree and affirm.

                              I.

     "The admissibility of evidence is within the broad

discretion of the trial court, and a ruling will not be disturbed

on appeal in the absence of an abuse of discretion."  Blain v.

Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)

(citation omitted).  "On appeal, we review the evidence in the

light most favorable to the Commonwealth, granting to it all

reasonable inferences fairly deducible therefrom."  Martin v.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

So viewed, the evidence proved that, on January 5, 1997, Officer Gerald Ford stopped appellant's car and arrested him for driving while intoxicated.  Within two hours of the arrest, Ford advised appellant of the implied consent law.  Ford told appellant that "the Virginia consent law requires [appellant] to take a breath test . . . [that] he is required to take a breath test by driving on Virginia highways."  Although Ford could not recall verbatim what he told appellant, he testified that he "read the implied consent" law "from a card" that was issued by the police department.  Ford averred that he "always" reads "the implied consent . . . from the card."  Ford was unable to produce the card at trial.

Appellant objected to the admission of the certificate of analysis because there was "[in]adequate evidence that an accurate version of the implied consent was read" to appellant.  Appellant argued that Ford's coercive manner of telling appellant he had to take the test while he was under arrest and Ford's failure to advise appellant of the consequences for refusing to submit to a breath test invalidated his consent.  Appellant contends that he has the power to refuse such a test, and without being fully informed of the implied consent law, including the consequences for refusing, he was unaware that he could refuse the test.  Accordingly, argues appellant, he was unable to give "[a]ctual, voluntary consent."  Appellant presented no evidence.

The trial judge took the matter under advisement. By opinion letter, he admitted the certificate of analysis, denied appellant's motion to strike, and found appellant guilty of driving while intoxicated.

II.

> A. Any person . . . who operates a motor vehicle upon a highway . . . shall be deemed thereby as a condition of such operation, to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the alcohol . . . content of his blood, if he is arrested for violation § 18.2-266 . . . within two hours of the alleged offense.

> B. Any person so arrested for a violation of § 18.2-266 (i) or (ii) or both, . . . shall submit to a breath test. If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given. The accused shall, prior to the administration of the test, be advised by the person administering the test that he has the right to observe the process of analysis and to see the blood-alcohol reading on the equipment used to perform the breath test.

Code § 18.2-268.2.

In Caldwell v. Commonwealth, 205 Va. 277, 136 S.E.2d 798 (1964), the defendant argued "that the trooper failed to advise him 'that he had the right to refuse to take [a] blood test.'"

Id. at 280, 136 S.E.2d at 801.  The Supreme Court held as follows:

> Under the [implied consent] statute any person who operates a motor vehicle upon a public highway in this Commonwealth shall be deemed to have consented to, and shall be entitled to, have a sample of his blood taken for a chemical analysis to determine its alcoholic content when arrested for operating a motor vehicle while under the influence of alcohol.  In Walton v. City of Roanoke, 204 Va. 678, 133 S.E.2d 315 [(1963)], we said that "the defendant was not compelled under § 18.1-55 to submit to the blood test.  He had a choice of either allowing the test to be made or refusing it."  We adhere to that holding.  However, the statute does require an accused to submit to a blood test in order to avoid prosecution for refusing to take it, which may result in the suspension of his operator's license if such refusal is found to be unreasonable.  He has the power to refuse to submit to the test but no right to refuse it.  Since there exists no "right to refuse" to submit to a blood test, the trooper was without authority to advise defendant that he had such a right. Furthermore, defendant orally consented to submit to the test so that it was not incumbent upon the trooper to advise him of the consequences if he refused.  Had defendant refused to submit to the test, it then would have been the duty of the trooper to advise the accused that "refusal to do so constitutes grounds for the revocation of the privilege of operating a motor vehicle upon the highways of this State".

Id. at 281, 136 S.E.2d at 801 (applying Code § 18.1-55, the former implied consent statute) (emphases added).

> The consent to submit to a blood or breath test, granted when a person operates a motor vehicle upon the highways, "is not a qualified consent and it is not a conditional consent, and therefore there can be no qualified refusal or conditional refusal to take the test."  The mere fact that under the

> statute "an accused is afforded an
> opportunity to establish the reasonableness
> of his refusal does not operate to dilute the
> consent previously given, or convert that
> consent into a qualified or conditional one."
> Illustrative of a refusal that would be
> deemed reasonable is when "a person's health
> would be endangered by the withdrawal of
> blood."

Cash v. Commonwealth, 251 Va. 46, 49-50, 466 S.E.2d 736, 738 (1996) (quoting Deaner v. Commonwealth, 210 Va. 285, 292-93, 170 S.E.2d 199, 204 (1969)).

Appellant does not contend that his arrest was made without probable cause. Moreover, the evidence established that he was arrested within two hours of the offense, therefore, he was deemed to have consented to a breath test under the implied consent law.

Code § 18.2-268.3 allows a person accused of driving while intoxicated to refuse to take a breath or blood test. Even if Ford failed to advise appellant of the consequences of refusal, appellant had no right to refuse to take a required blood alcohol test. See Caldwell, 205 Va. at 281, 136 S.E.2d at 801. Moreover, because appellant did not refuse to take the test, Ford was not required to inform him of the consequences pursuant to Code § 18.2-268.3. After being advised that drivers on Virginia highways are required to take a breath test, appellant consented to take the test. Therefore, Code § 18.2-268.3 was not implicated, and Ford was not required to inform appellant that he could refuse the test.

Moreover, Ford substantially complied with the implied consent statute.

> The steps set forth in [Code] §§ 18.2-268.2 through 18.2-268.9 relating to taking, handling, identifying, and disposing of blood or breath samples are procedural and not substantive. Substantial compliance shall be sufficient. Failure to comply with any steps or portions thereof, . . . shall go to the weight of the evidence and shall be considered with all the evidence in the case; however, the defendant shall have the right to introduce evidence on his own behalf to show noncompliance with the aforesaid

> procedures or any part thereof, and that as a
> result his rights were prejudiced.

Code § 18.2-268.11.

The burden is on the Commonwealth to show that it substantially complied with the requirements of the statute. See Kemp v. Commonwealth, 16 Va. App. 360, 365, 429 S.E.2d 875, 878 (1993). Ford testified that he advised appellant of Virginia's implied consent law from a preprinted card issued by the police department. Therefore, at a minimum, the Commonwealth established that Ford substantially complied with the implied consent statute.

For the foregoing reasons, the trial judge did not err in admitting the certificate of breath alcohol analysis. Accordingly, we affirm the decision of the trial judge.

Affirmed.