# Richmond

## Charles Berkley Walton v. City of Roanoke.

December 2, 1963.

Record No. 5669.

Present, All the Justices.

The opinion states the case.

*Evans B. Jessee (Arthur E. Smith,* on brief), for the plaintiff in error.

*Leroy Moran, Commonwealth's Attorney (James H. Fulghum, Jr., Assistant Commonwealth's Attorney,* on brief), for the defendant in error.

I'Anson, J., delivered the opinion of the court.

This is an appeal by Charles Berkley Walton, the defendant, from a conviction of driving a motor vehicle while under the influence of alcohol in violation of an ordinance of the city of Roanoke.

The sole question presented is whether the court erred in admitting into evidence testimony concerning a chemical analysis of defendant's blood to determine its alcoholic content. Counsel for defendant contends that under § 18.1-55, Code of 1950, as amended, 1960 Repl. Vol., 1962. Supp., commonly known as the "implied consent law," the defendant was compelled to give evidence against himself in violation of the 5th Amendment to the Constitution of the United States and Article I, § 8, of the Constitution of Virginia.

An agreed statement of the facts in narrative form shows that on the afternoon of July 6, 1962, in the city of Roanoke, a police officer saw the defendant drive the front portion of his automobile on a sidewalk while he was in the process of making a left turn from Jefferson street into Luck avenue. When the officer asked defendant to get out of his car he observed his condition and placed him under arrest for operating an automobile while under the influence of alcohol.

Defendant was informed by the arresting officer that he was required by law to permit a sample of his blood to be taken so that a test could be made to determine its alcoholic content, and that his refusal to do so may constitute grounds for the revocation of his license to operate a motor vehicle upon the highways of this State.

Thereupon, the defendant permitted the sample of his blood to be taken, and a chemical analysis of it showed 0.15 percent alcohol by weight, which created a presumption that the defendant was under the influence of alcoholic intoxicants.

Defendant admitted that he had been drinking alcoholic beverages but said he was not intoxicated at the time of his arrest. The only other evidence offered on behalf of the defendant was that he did not appear to be intoxicated an hour before his arrest.

We shall direct our consideration of Code § 18.1-55 only to those subsections which are pertinent to this appeal. Code § 18.1-55(b)[1] provides that any person who operates a motor vehicle upon a highway of this State is deemed to have agreed as a condition of such operation to consent to, and shall be entitled to, have a chemical analysis of his blood to determine its alcoholic content if he is arrested for a violation of § 18.1-54 (driving drunk statute) or of a similar ordinance of a county, city or town. Subsection (f) provides that if one refuses the test, the refusal is not evidence and shall not be commented upon in the trial of the case. Subsection (g)[2] provides that if one refuses to allow a blood sample to be taken, such refusal constitutes grounds for the revocation of his driver's license. Subsection (h)[3] provides for the issuance of a warrant charging the

[1] "(b) Any person, whether licensed by Virginia or not, who operates a motor vehicle upon a public highway in this State on and after July one, nineteen hundred sixty-two, shall be deemed thereby to have agreed as a condition of such operation to consent to, and shall be entitled to, have a sample of his blood taken for a chemical test to determine the alcoholic content thereof if he is arrested for a violation of § 18.1-54 or of a similar ordinance of any county, city or town within two hours of the alleged offense and in compliance with all the provisions of §§ 18.1-55 through 18.1-59. If the person arrested refuses to permit the taking of blood for such test, then the arresting officer forthwith shall take the person arrested before a committing magistrate * * * but if the person arrested does not refuse to permit the taking of blood, or having refused, thereafter and within two hours of the time of arrest requests that a blood sample be taken, the person arrested shall be entitled to the benefit of such test. * * *"

[2] "(g) If a person, after being arrested and after having been advised * * * that the law of Virginia requires a person accused of the violation * * * to permit a sample of his blood to be taken so that a test may be made of his blood to determine the alcoholic content thereof and that refusal to do so constitutes grounds for the revocation of the privilege of operating a motor vehicle upon the highways of this State, then refuses to permit the taking of blood for such a test and does further so refuse upon being taken before a committing justice, * * * all within two hours of the alleged offense, and so declares again his refusal in writing upon a form provided by the committing justice, then no blood sample shall be taken."

[3] "(h) The form provided for in paragraph (g) above shall contain a brief statement of the law requiring the taking of a blood sample and the penalty for refusal, a declaration of refusal, and spaces for the signature of the person from whom the

person refusing to take the test, if his refusal is found to be unreasonable, with a violation of § 18.1-55. Subsection (j)[4] provides for a hearing on the warrant charging the person with a violation of the statute, prescribes the periods his operator's license shall be suspended if he is found guilty, and allows an appeal as provided by law for other misdemeanors.

The pertinent portion of the 5th Amendment provides:

"No person * * * shall be compelled in any criminal case to be a witness against himself."

There is authority holding that the 5th Amendment is not applicable to the states through the 14th Amendment. *Cohen* v. *Hurley*, 366 U. S. 117, 6 L. ed. 2d 156, 81 S. Ct. 954 (1961); *Commonwealth* v. *Tanchyn*, 200 Pa. Super. 148, 188 A. 2d 824, 828, 830 (1963); 8 Wigmore on Evidence (McNaughton Rev. 1961), § 2252, pp. 330, 331, and the numerous cases there cited. But even if we assume, *arguendo*, that the 5th Amendment is applicable, we find no violation of defendant's privilege against self-incrimination by the provisions of § 18.1-55, here complained of.

The constitutional prohibition against compelling one in a criminal court to give evidence against himself is restricted to oral testimony and does not preclude the use of one's body or secretions therefrom and the results of their chemical analyses. *Ullmann* v. *United States*, 350 U. S. 422, 431, 439, 100 L. ed. 511, 520, 521, 524, 525, 76 S. Ct. 497, 502, 503; *Holt* v. *United States*, 218 U.S. 245, 252, 253, 54 L. ed. 1021, 1030, 31 S. Ct. 2, 6; *Swingle* v. *United States*, 10 Cir., 151 F. 2d 512, 513.

---

blood sample is sought, the date and the signature of a witness to the signing. If such person refuses or fails to execute such declaration, the committing justice shall certify such fact and that the committing justice advised the person arrested that such refusal or failure, if found to be unreasonable, constitutes grounds for revocation of such person's license to drive upon the form and sign same. The committing or issuing justice shall forthwith issue a warrant charging the person refusing to take the test to determine the alcoholic content of his blood, with violation of this section, which warrant shall be executed as any other criminal warrant. The defendant shall be given a copy of said warrant."

[4] "(j) When the court receives the certificate of refusal * * * the court shall fix a date for the trial of said warrant at such time as the court may designate, but subsequent to the defendant's trial for driving under the influence of intoxicants. If the court shall find the defendant guilty as charged in the warrant, then the court shall suspend the defendant's license for a period of ninety days for the first offense, and for six months for a second or subsequent offense or refusal within one year of the first or other such refusals and the effective dates thereof.

\* \* \* \* \*

"The procedure for appeal-and-trial in the appellate court shall be the same as provided by law for other misdemeanors."

In *Holt* v. *United States, supra,* there was testimony that defendant put on a blouse before trial and that it fitted him. This testimony was objected to on the ground that it violated defendant's constitutional privilege against self-incrimination. In rejecting this contention, Mr. Justice Holmes referred to it as "an extravagant extension of the Fifth Amendment," and said:

"\* \* \* But the prohibition of compelling a man in a criminal court to be a witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material." 218 U. S. at pp. 252, 253, 54 L. ed. at p. 1030, 31 S. Ct. at p. 6.

Thus the contention of the defendant that he was compelled to be a witness against himself in violation of the 5th Amendment is without merit.

■ Nor do we find that the provisions of § 18.1-55 violate Article I, § 8, of the Constitution of Virginia.

Section 8 provides in part:

"\* \* \* nor [shall a man] be compelled in a criminal proceeding to give evidence against himself \* \* \*."

The defendant argues that § 8 is broader in its protection than the 5th Amendment because the word "evidence" is used in the former provision while "witness" is used in the latter, but we consider these clauses to be identical in their application here. See 8 Wigmore on Evidence (McNaughton Rev. 1961), § 2252, p. 318, and § 2263, p. 378.

The history and purpose of the constitutional privilege against self-incrimination provided by § 8 show that it is to protect an accused against the employment of legal process to extract from his lips an admission of his guilt, and it does not extend beyond testimonial compulsion. See *Owens* v. *Commonwealth,* 186 Va. 689, 698-702, 43 S. E. 2d 895, 898-900; *Gardner* v. *Commonwealth,* 195 Va. 945, 951, 952, 81 S. E. 2d 614, 617, 618; 8 Wigmore on Evidence (McNaughton Rev. 1961), § 2250, p. 267; Anno. Physical Test—Constitutionality, 25 A. L. R. 2d 1407, 1409, 1410. Hence the taking of blood from defendant's body, pursuant to § 18.1-55, does not infringe upon his privilege against self-incrimination and does not come within the purview of testimonial compulsion.

The statement of Mr. Justice Eggleston, now Chief Justice, in response to defendant's argument in *Owens* v. *Commonwealth, supra,* is pertinent here. There he said:

"If the argument of the plaintiff in error were sound, then no one accused of a crime could be compelled to submit to finger-printing, photographing, or the routine 'line-up' for identification, which are everywhere admitted to be proper." 186 Va. at p. 702, 43 S. E. 2d at p. 901.

Moreover, the defendant was not compelled under § 18.1-55 to submit to the blood test. He had a choice of either allowing the test to be made or refusing it. His refusal could not be used as evidence in his trial on the charge of driving under the influence of intoxicants but, if found to be unreasonable, constituted grounds for revocation of the privilege of operating his automobile upon the highways of this State. However, defendant is afforded a hearing on this latter issue subsequent to his trial for driving under the influence of intoxicants.

The right to operate a motor vehicle on the highways of this State is not a property or unrestrained right, but a privilege which is subject to reasonable regulation under the police power of the State in the interest of public safety and welfare. *Prichard* v. *Battle*, 178 Va. 455, 460, 17 S. E. 2d 393; 7 Am. Jur. 2d, Automobiles and Highway Traffic, § 10, p. 603; 60 C. J. S., Motor Vehicles, § 146, p. 469.

The same arguments advanced here attacking the constitutionality of § 18.1-55 have been made on implied consent statutes of other states with the same or similar constitutional provisions against self-incrimination, and they have been rejected for the same reasons that we reject defendant's arguments. See *Prucha* v. *Department of Motor Vehicles*, 172 Neb. 415, 110 N. W. 2d 75, 82, 88 A. L. R. 2d 1055 (1961); *Lee* v. *State*, 187 Kan. 566, 358 P. 2d 765, 770 (1961); *State* v. *Bock*, 80 Idaho 296, 328 P. 2d 1065 (1958); 8 Wigmore on Evidence (McNaughton Rev. 1961), § 2265, p. 386 *et seq.*; 7 Am. Jur. 2d, Automobiles and Highway Traffic, § 259, pp. 812, 813; Anno. Automobiles—Driver's License, 88 A. L. R. 2d 1064.

The provisions of § 18.1-55 serve a salutary purpose. A chemical analysis of one's blood provides a scientifically accurate method of determining whether a person is intoxicated, removes the question from the field of speculation and supplies the best evidence for that determination. It protects one who has the odor of alcohol on his breath but has not been drinking to excess, and one whose conduct may create the appearance of intoxication when he is suffering from some physical condition over which he has no control. See *Breithaupt* v. *Abram*, 352 U. S. 432, 439, 1 L. ed. 2d 448, 452, 453, 77 S. Ct. 408, 412.

For a comprehensive analysis of the Virginia implied consent law (Code § 18.1-55) see address of R. D. McIlwaine, III, before the Judicial Conference for Courts Not of Record on November 9, 1962, and note by Arnold E. Sigler in 49 Va. L. Rev. pp. 386, 390, 391.

We hold that § 18.1-55 neither required defendant to take a blood test nor compelled him to give evidence against himself in violation of the 5th Amendment to the Constitution of the United States or Article I, § 8, of the Constitution of Virginia.

Accordingly, the judgment of the trial court is

*Affirmed.*