# Richmond

## KENNETH F. BAILEY v. COMMONWEALTH OF VIRGINIA.

August 28, 1974.

Record No. 730897.

Present, All the Justices.

*Francis E. Clark (Richard E. Railey,* on brief), for plaintiff in error.

*A. R. Woodroof, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Following his arrest for driving under the influence of intoxicants, the defendant, Kenneth F. Bailey, refused to submit to a test to determine the alcoholic content of his blood. For his refusal, he was charged with violating Code § 18.1-55.1, Virginia's Implied Consent Law. Upon his trial therefor, he was convicted, and his operator's license was revoked for a period of 90 days. Code § 18.1-55.1(n). He was granted a writ of error.

On appeal, the defendant contends that under the Implied Consent Law a charge of refusing to submit to a blood test should be dismissed if the failure to take the test is based upon a reasonable ground. Code § 18.1-55.1(m). His refusal, the defendant asserts, was based upon the advice of counsel "not to take the test." This, the defendant concludes, was a reasonable ground within the intendment of the Implied Consent Law.

The record supports the defendant's assertion that he refused

to submit to a blood analysis only after he had received advice of counsel "not to take the test." This presents the sole question for decision: whether, under the circumstances, the defendant's refusal was reasonable.

In *Deaner* v. *Commonwealth*, 210 Va. 285, 170 S.E.2d 199 (1969), we ruled that the blood test prescribed by the Implied Consent Law is part of a civil rather than a criminal proceeding. Because the proceeding is civil in nature, we held that a person arrested for driving under the influence does not have a constitutional right to consult with counsel before deciding whether to submit to the test.

We further held in *Deaner* that an unwillingness to take the test "without prior consultation with counsel" does not constitute a reasonable refusal. 210 Va. at 293, 170 S.E.2d at 204. From this holding, the corollary, applicable to the present case, necessarily follows: it is not reasonable to refuse a blood analysis solely because counsel advises "not to take the test." As *Deaner* indicates, there must be some reasonable factual basis for the refusal, for example, endangerment of the health of the accused by the withdrawal of blood.

In this case, the sole ground for the defendant's refusal to submit to a blood analysis was the advice of counsel "not to take the test." This was not a reasonable ground for refusal. Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*