Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and
 Keenan, JJ., and Poff, Senior Justice

CAROLYN T. CASH

OPINION BY JUSTICE A. CHRISTIAN COMPTON

v.  Record No. 950720                January 12, 1996

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF BUENA VISTA
Thomas H. Wood, Judge


On September 9, 1994, about 1:00 a.m., defendant Carolyn T. Cash was arrested and charged with driving a vehicle in the City of Buena Vista while under the influence of alcohol (DUI) in violation of Code § 18.2-266. On the same day, defendant also was charged in a warrant under Code § 18.2-268.2, a part of Virginia's implied consent law, with refusing to submit to a blood or breath test to determine the alcohol content of her blood.

Subsequently, defendant was tried on both charges in the local general district court. She was acquitted of DUI and convicted of the refusal charge. She appealed the conviction to the circuit court.

Pretrial, the circuit court granted the prosecutor's motion to exclude certain evidence proffered by the defendant on the reasonableness of her refusal to submit to the blood or breath test. The prosecutor asked the court to prohibit, for example, any evidence regarding defendant's sobriety at the time of arrest and evidence of the outcome of the DUI charge on the ground that such evidence is irrelevant to the charge of unreasonable refusal to submit to such test.

Following a jury trial, at which only the arresting police officer testified, defendant was found guilty of the refusal charge. She was sentenced to revocation of her driving privileges for one year, in accord with the verdict, and ordered to pay court costs. The defendant appeals from the January 1995 judgment order, which has been suspended during the appeal.

The central question on appeal is whether the trial court erred in granting the prosecutor's pretrial motion limiting the evidence defendant could present to the jury.

Initially, the relevant law should be reviewed. Under the implied consent law, any person who operates a motor vehicle upon a highway in the Commonwealth is deemed, as a condition of such operation, to have consented to have samples of blood, breath, or both, taken for a chemical test to determine alcohol content of the person's blood, if that person is arrested for DUI in violation of the applicable statutes or of a similar local ordinance. Code § 18.2-268.2(A).

A person so arrested must be advised by the arresting officer of the implied consent condition and that "the unreasonable refusal" to submit to a test constitutes grounds for revocation of driving privileges. If the person refuses to permit the testing, the person shall be taken before a magistrate, who must advise the person again of the implied consent law's requirements. If the person declares the refusal in writing on a prescribed form, or refuses to so declare, then

no samples shall be taken.  Code § 18.2-268.3(A).

Upon such refusal, the magistrate shall certify to such fact and that the person was advised of the law's requirements, and shall charge the person with a violation of Code § 18.2-268.2 for refusing the test.  Code § 18.2-268.3(B).

At trial of the refusal charge, the declaration of refusal or the magistrate's certificate is prima facie evidence that the defendant refused to submit to the testing.  "However, this shall not prohibit the defendant from introducing on his behalf evidence of the basis for his refusal.  The court shall determine the reasonableness of such refusal."  Code § 18.2-268.3(E).

In construing the foregoing statutes and their predecessors, this Court has decided that operation of a motor vehicle while under the influence of alcohol or drugs may give rise to two separate and distinct proceedings -- one a criminal action for DUI and the other a civil, administrative proceeding on the refusal charge.  "Each action proceeds independently of the other and the outcome of one is of no consequence to the other." Deaner v. Commonwealth, 210 Va. 285, 289, 170 S.E.2d 199, 201 (1969).  See Commonwealth v. Rafferty, 241 Va. 319, 321-23, 402 S.E.2d 17, 18-19 (1991).  Cf. Code § 18.2-268.4 (if defendant pleads guilty to DUI, court may dismiss refusal charge).

The consent to submit to a blood or breath test, granted when a person operates a motor vehicle upon the highways, "is not a qualified consent and it is not a conditional consent, and

therefore there can be no qualified refusal or conditional refusal to take the test."  Deaner, 210 Va. at 292, 170 S.E.2d at 204.  The mere fact that under the statute "an accused is afforded an opportunity to establish the reasonableness of his refusal does not operate to dilute the consent previously given, or convert that consent into a qualified or conditional one."  Id. at 292-93, 170 S.E.2d at 204.  Illustrative of a refusal that would be deemed reasonable is when "a person's health would be endangered by the withdrawal of blood."  Id. at 293, 170 S.E.2d at 204.

The Court has held that a person's unwillingness to take the test without prior consultation with counsel does not constitute a reasonable basis for the refusal.  Coleman v. Commonwealth, 212 Va. 684, 685, 187 S.E.2d 172, 174 (1972); Deaner, 210 Va. at 293, 170 S.E.2d at 204.  In another case, we held it was not reasonable to refuse a blood analysis solely because counsel advised the defendant against taking the test.  Bailey v. Commonwealth, 215 Va. 130, 131, 207 S.E.2d 828, 829 (1974). There, the Court reiterated "there must be some reasonable factual basis for the refusal, for example, endangerment of the health of the accused by the withdrawal of blood."  Id., 207 S.E.2d at 829.

Interpreting the implied consent law, our Court of Appeals has held "that a driver's subjective belief that he was not under the influence of alcohol is not a reasonable basis for refusing

the test, nor is the fact that he could and did operate his vehicle in a proficient manner.  Thus, evidence of his state of sobriety or proficiency in operating the vehicle is not admissible in a case involving refusal to take a blood or breath test."  Quinn v. Commonwealth, 9 Va. App. 321, 324, 388 S.E.2d 268, 270 (1990).

Against this background, we examine defendant's proffer, submitted to the trial court by an informal oral statement of counsel, to determine whether any of the proffered evidence should have been admitted.

According to counsel, defendant's evidence "would be" that she and her husband "went to a place . . . in Buena Vista . . . shortly before eleven o'clock that evening [and] that they'd had nothing to drink before that."  While at the "place," they consumed "less than one beer . . . and at eleven-thirty [when] the last call was made. . . , there was one pitcher served at the table."  Three persons "were at that table and each had less than one mug."  Two witnesses would testify that defendant "was not under the influence, in any way."

When defendant and her husband left "the place" in a car, "there was no erratic operation of the vehicle" by defendant. The police stopped the vehicle on a city street although defendant was "sober" and "she had done absolutely nothing to justify the police to stop her."  After the stop, the couple was "treated abusively" by the arresting officer, and both were

"ordered to take field sobriety tests."  Defendant "did well" on the test.

Following defendant's refusal to take a blood or breath test, as the officer was taking defendant to a magistrate, she "kept telling the officer" that she wished to consult counsel; the officer made no response to the request.  She told the officer and the magistrate "she was concerned that she was being framed," that any test "would be manipulated, and she wanted to consult counsel to see what she could do to protect her interest from being framed."

Defendant's perception she was being "framed" stemmed from a separate criminal case in which she was not a party.  She was scheduled to testify later in the day of her arrest in a criminal matter pending on a post-trial motion regarding juror misconduct.  Defendant "believed" the police "were trying to harass her and frame her . . . as punishment for her having volunteered to the defense in that case that she had information regarding the misconduct and bias of the jury."  Defendant, a school bus driver, also proffered evidence of events relating to her job occurring later in the day of her arrest, which she asserted corroborated her "framing" charge.

Responding to defendant's "framing" allegation, the prosecutor represented to the trial court he was prepared to establish that the officers who were involved in defendant's arrest had no knowledge at the time that defendant was to be a

witness, or otherwise involved, in any court proceeding.

On appeal, defendant assigns error to the trial court's granting of the prosecutor's pretrial motion prohibiting her "from introducing evidence of her fear of being framed and excluding any evidence of the reason the police stopped her." In support of that assignment of error, defendant argues that the "reasonable fear of entrapment by the police coupled with the denial of an opportunity to consult counsel constitutes a factual basis for a reasonable refusal to submit to a blood or breath test." Additionally, she argues the Commonwealth had to prove the reasonableness of the stop at the time of arrest for DUI to support the charge of unreasonable refusal to submit to the testing. We do not agree.

The precedent established in the cases we have just discussed dictates the result in the present case. Manifestly, the evidence about defendant's sobriety, about her driving proficiency, and about her subjective belief that she was not under the influence of alcohol, while admissible in the DUI trial, was utterly inadmissible in the refusal trial.

Moreover, her desire to consult counsel "to see what she could do to protect her interest from being framed" furnishes no legal basis for refusal to submit to testing. As the trial judge observed, this contention "just puts a different spin" on the facts in Deaner and its progeny.

By operating a motor vehicle on the highways of the

Commonwealth the night in question, defendant consented, as a condition of that operation, to have tests made to determine the alcohol content of her blood. The chemical analysis of one's blood provides a scientifically accurate method of determining whether a person is intoxicated; it protects one who may appear to be intoxicated when, in fact, the individual is sober. Walton v. City of Roanoke, 204 Va. 678, 683, 133 S.E.2d 315, 319 (1963).

The defendant may not unilaterally abrogate that agreement or withdraw that consent by refusing the test unless there is a reasonable basis for the refusal. A fear of being "framed" is not such a basis; it is not "reasonable" in the sense that evidence of endangerment of the health of the accused by withdrawal of blood furnishes a "reasonable" basis for refusal. That type of evidence should have been offered in the trial of the DUI charge because it may relate to the question whether the police officer's stop of the accused was lawful; certainly such evidence is not probative in the trial of the refusal charge.

We note, however, that we are not presented in this case with the effect on the refusal charge of a dismissal of the DUI charge on constitutional grounds. There is nothing in this record to suggest that the DUI charge was dismissed because defendant's constitutional rights were violated, and we will not presume such was the case in order to address that issue.

Consequently, we hold that the trial court correctly refused to permit defendant to present the proffered evidence. And, we

reject other errors assigned by defendant dealing with the sufficiency of the evidence to prove the refusal charge and with denial of an instruction she offered.

Thus, the judgment of conviction will be

<u>Affirmed</u>.