COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Humphreys, Beales and Senior Judge Annunziata
Argued at Salem, Virginia


JACOB LYNN PATTERSON
                                                            OPINION BY
v.      Record No. 1909-12-3                    JUDGE RANDOLPH A. BEALES
                                                          NOVEMBER 5, 2013
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
Humes J. Franklin, Jr., Judge

Frankie C. Coyner (Law Offices of Frankie C. Coyner, on brief), for
appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


Jacob Lynn Patterson (appellant) appeals his conviction for driving under the influence

(DUI), first offense, in violation of Code § 18.2-266.[1]  Appellant argues that the trial court

abused its discretion when it admitted into evidence the certificate of analysis reflecting the

results of appellant's blood test.  Appellant contends that the blood test results were inadmissible

at his DUI trial "because the evidence did not support the Commonwealth's compliance with

Virginia Code Section 18.2-268.2(B)."  We hold that the trial court did not abuse its discretion

when it admitted the blood test results, and, accordingly, for the following reasons, we affirm

appellant's conviction for driving under the influence.

---

[1] Appellant was also convicted of driving with a suspended license, in violation of Code
§ 46.2-301.  That conviction is not before us.

## I. BACKGROUND

We consider the evidence on appeal "'in the light most favorable to the Commonwealth, as we must since it was the prevailing party'" in the trial court. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)). In this case, Officer Amanda Kay Hesson (Officer Hesson) of the Waynesboro Police Department stopped appellant's vehicle after she observed appellant drive in a very erratic manner and almost collide with another vehicle. At trial, Officer Hesson testified that appellant's eyes were watery and glassy, that appellant had a difficult time keeping his eyes open, and that appellant had to use his car to steady himself once he stepped out of it. Officer Hesson further testified that she asked appellant on two separate occasions to produce his license and registration. Each time, however, appellant handed Officer Hesson his vehicle inspection slip instead.[2] When Officer Hesson asked appellant if he had been drinking, appellant did not respond.[3] Pertinent to this appeal, Officer Hesson testified that she did not smell alcohol on appellant's breath or person.

During her encounter with appellant, Officer Hesson asked appellant on three separate occasions if he would perform a field sobriety test. Each time, appellant refused. Officer Hesson ultimately arrested appellant for DUI. The arrest report that Officer Hesson completed regarding her arrest of appellant stated that appellant was arrested for "DUI – Drugs."

At the police station, appellant was "unsteady" on his feet, and he needed the assistance of another officer to walk to the back of the station. Officer Hesson did not offer appellant a breath test at the police station, even though breath testing equipment was available. Officer

---

[2] Officer Hesson testified that "when I would ask him something, he would hand me something that wouldn't be . . . even considered in the same realm."

[3] He did, however, indicate *later* at the police station that he had consumed "a few beers."

Hesson's testimony did not address whether appellant was physically incapable of taking a breath test. Officer Hesson did, however, offer appellant a blood test.

On direct examination at trial, Officer Hesson explained why she offered appellant a blood test, rather than a breath test:

Q: Did – did you smell an odor of alcohol about him?

A: No, sir, I did not.

Q: Okay. At that point, were you – did you suspect he was driving under the influence of alcohol?

A: I knew he was . . . I suspected he was driving under the influence of something. But I could not be sure it was alcoholic, because I did not smell alcohol on him.

Q: And for that reason, you offered him the – . . .

A: Right.

Q: . . . the blood test?

A: Yes, sir.

After appellant initially refused the blood test, and after Officer Hesson explained to appellant his rights, appellant ultimately agreed to take the blood test, the results of which revealed that appellant's blood alcohol content was 0.16% by weight by volume. Even though the sticker that the blood-draw technician affixed to the vial of blood read, in relevant part, "Certificate Of Blood Withdrawal For Alcohol/Drug Determination" the lab tested the blood only for alcohol – and not for any other drugs. Thus, appellant was not tested for any other drugs, even though Officer Hesson believed at the time of the arrest that appellant was under the influence of substances other than (or perhaps in addition to) alcohol.

At trial, after Officer Hesson testified, appellant moved to exclude the results of the blood test from the evidence. Appellant argued that the taking of the blood test was impermissible under Code § 18.2-268.2 because the equipment necessary for performing a breath test was

available and there was no indication that appellant was physically unable to take the breath test.

In response, the prosecutor argued:

> What [Officer Hesson] indicated was that he looked to be impaired, but she couldn't relate it to alcohol. She suspected that he was on some other – some other substance. And the blood alcohol breath test is not going to determine whether or not if he was high on some other drug or a prescription or anything like that.

The trial court denied appellant's motion, admitted the blood test results into evidence, and found appellant guilty of DUI, upon consideration of all the evidence.

## II. ANALYSIS

Appellant's assignment of error challenges the admission of the blood test results.

> "Evidence is admissible if it is both relevant and material," and it is inadmissible if it fails to satisfy these criteria. Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 198, 361 S.E.2d 436, 441, 442 (1987). "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). "Evidence is material if it relates to a matter properly at issue." Evans-Smith, 5 Va. App. at 196, 361 S.E.2d at 441.

Wood v. Commonwealth, 57 Va. App. 286, 304, 701 S.E.2d 810, 818-19 (2010). "It is well settled that "'[t]he admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Id. at 304, 701 S.E.2d at 818 (quoting James v. Commonwealth, 18 Va. App. 746, 753, 446 S.E.2d 900, 904 (1994)). To the extent that this appeal presents a question of statutory interpretation, this Court will review the statute *de novo*. See, e.g., Hamilton v. Commonwealth, 61 Va. App. 542, 548, 738 S.E.2d 525, 528 (2013) (citations omitted).

### A. THE IMPLIED CONSENT STATUTE

"The right to operate a motor vehicle on the highways" of Virginia is not an "unrestrained right, but a privilege which is subject to reasonable regulation under the police power of the State in the interest of public safety and welfare." Walton v. Roanoke, 204 Va.

678, 683, 133 S.E.2d 315, 318 (1963) (citations omitted)). "By operating a motor vehicle on the highways of the Commonwealth," a motorist "consent[s], as a condition of that operation, to have tests made to determine" if that person is intoxicated. Cash v. Commonwealth, 251 Va. 46, 52, 466 S.E.2d 736, 739 (1996).

Subsection A of Virginia's implied consent statutory provision, Code § 18.2-268.2, provides:

> Any person, whether licensed by Virginia or not, who operates a motor vehicle upon a highway, as defined in § 46.2-100, in the Commonwealth shall be deemed thereby, as a condition of such operation, to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the alcohol, drug, or both alcohol and drug content of his blood, if he is arrested for violation of § 18.2-266, 18.2-266.1, or subsection B of § 18.2-272 or of a similar ordinance within three hours of the alleged offense.

Code § 18.2-268.2(A) precedes two additional subsections that discuss breath testing and blood testing. As an initial matter, the implied consent statute as it is presently enacted does not permit the arrestee to "elect" whether to submit to a breath test or a blood test. Brown-Fitzgerald v. Commonwealth, 51 Va. App. 232, 236, 656 S.E.2d 422, 424 (2008). Moreover, the implied consent statute "does not impose any obligation upon the police officer to offer a breath test," id. – or any chemical testing at all. See Oliver v. Commonwealth, 40 Va. App. 20, 24, 577 S.E.2d 514, 516 (2003) (explaining that "[t]est results from a breath or blood test are not necessary or required to prove driving under the influence of alcohol or drugs").

Subsection B of Code § 18.2-268.2, which includes language that applies when a person is arrested for driving under the influence of alcohol, states:

> Any person so arrested for a violation of clause (i) or (ii) of § 18.2-266 or both, § 18.2-266.1 or subsection B of § 18.2-272 or of a similar ordinance shall submit to a breath test. If the breath

> test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given.

Code § 18.2-268.2(B).

The offenses referenced in Code § 18.2-268.2(B) all involve the consumption of alcohol.[4] Thus, the plain language of subsection B is triggered when a person has been arrested for an alcohol-related DUI offense.

By contrast, subsection C of Code § 18.2-268.2 has language that applies when a person is arrested for driving under the influence of drugs or substances *other than* alcohol or *a combination* of drugs and alcohol. That subsection states:

> *Any person, after having been arrested for a violation of clause (iii), (iv), or (v) of § 18.2-266 or § 18.2-266.1 or subsection B of § 18.2-272 or of a similar ordinance, may be required to submit to a blood test to determine the drug or both drug and alcohol content of his blood.* When a person, after having been arrested for a violation of § 18.2-266(i) or (ii) or both, submits to a breath test in accordance with subsection B or refuses to take or is incapable of taking such a breath test, he may be required to submit to tests to determine the drug or both drug and alcohol content of his blood if the law-enforcement officer has reasonable cause to believe the person was driving under the influence of any drug or combination of drugs, or the combined influence of alcohol and drugs.

Code § 18.2-268.2(C) (emphasis added).

Given the facts of this case on appeal, we focus on the first sentence of Code § 18.2-268.2(C). Unlike Code § 18.2-268.2(B), the first sentence of Code § 18.2-268.2(C) is triggered by arrests for DUI offenses that do not necessarily involve the consumption of alcohol

---

[4] Code § 18.2-266(i) prohibits driving with a blood alcohol concentration of at least .08, and Code § 18.2-266(ii) prohibits driving "under the influence of alcohol." Code § 18.2-266.1 states that it is unlawful for a person under 21 years of age to operate a motor vehicle with a blood alcohol content between .02 and .08. Code § 18.2-272(B) applies when a person whose privilege to drive has been restricted, suspended, or revoked operates a motor vehicle with "a blood alcohol content of 0.02 percent or more."

*alone*.[5] Thus, the plain language of the first sentence of Code § 18.2-268.2(C) is applicable when a person is arrested for a DUI offense that involves the use of drugs or substances other than alcohol or a combination of drugs and alcohol.

## B. APPELLANT'S INCORRECT PREMISE

"Once the legislature has acted, the role of the judiciary 'is the narrow one of determining what [the legislature] meant by the words it used in the statute.'" Chapman v. Commonwealth, 56 Va. App. 725, 732, 697 S.E.2d 20, 24 (2010) (quoting Dionne v. Southeast Foam Converting & Packaging, Inc., 240 Va. 297, 304, 397 S.E.2d 110, 114 (1990)). In this case, we disagree with appellant's argument that the trial court erred in admitting the blood test results into evidence. Appellant's assignment of error is incorrectly premised on his contention that the provisions of Code § 18.2-268.2(B) apply to this set of facts. However, subsection B of Code § 18.2-268.2 simply does not and cannot apply here.

"'When the language in a statute is clear and unambiguous, we are bound by the plain meaning of that language.'" Brown-Fitzgerald, 51 Va. App. at 236, 656 S.E.2d at 424 (quoting Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001)). As explained above, Code § 18.2-268.2(B) applies when the suspect has been arrested for an alcohol-related DUI offense that does not involve other drugs or intoxicants. Here, however, Officer Hesson testified at trial that she did not smell alcohol on appellant. Officer Hesson believed that appellant was driving under the influence of *something*, but she *could not be sure it was an alcoholic substance*

---

[5] The first sentence of Code § 18.2-268.2(C) references arrests for violations of, *inter alia*, Code § 18.2-266(iii), (iv), and (v). Code § 18.2-266(iii) applies when a person is "under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature, or any combination of such drugs, to a degree which impairs [the] ability" to operate a motor vehicle safely. Code § 18.2-266(iv) applies when a person is "under the combined influence of alcohol *and any drug or drugs* to a degree which impairs [the] ability" to operate a motor vehicle safely. (Emphasis added). Code § 18.2-266(v) applies when a person has certain threshold concentrations of specific illegal substances present in his or her blood.

because she could not detect the odor of alcohol. Instead, the record establishes that Officer Hesson believed that the ingestion of a drug or drugs (or perhaps a combination of drugs and alcohol) caused appellant's readily apparent intoxication. To that end, Officer Hesson prepared and filed an arrest report indicating that appellant was arrested for "DUI – *Drugs*." (Emphasis added). Simply put, because Officer Hesson arrested appellant based on her belief that drugs other than (or perhaps in addition to) alcohol caused appellant's readily apparent intoxication, Code § 18.2-268.2(B) does not apply to the facts of this case.

Instead, the first sentence of Code § 18.2-268.2(C) applies. That statutory language plainly applies when a person is arrested for drug-related DUI offenses, and the record establishes that Officer Hesson arrested appellant for a drug-related DUI offense. On this record, Officer Hesson's decision to offer a blood test was entirely appropriate. See Lamay v. Commonwealth, 29 Va. App. 461, 471, 513 S.E.2d 411, 416 (1999) (noting that a blood test is applicable for "a violation of Code § 18.2-266(iii) or (iv)," which involve intoxication due to drugs or drugs and alcohol in combination).

We disagree with appellant's argument that Officer Hesson was required, as a matter of law, to offer appellant a breath test before requesting that he take a blood test. Imposing such a requirement would contradict the plain language of the implied consent statute and would violate all common sense. A breath test is inherently incapable of showing that an individual is under the influence of drugs – only of alcohol. As the prosecutor actually pointed out at trial, a breath test will not detect whether a person has been driving under the influence of some other type of intoxicating drug or substance. Courts are not permitted to interpret any statute, such as Virginia's implied consent statute, in a way that "'would render the statute strained, ambiguous, illogical, and in contravention of the legislature's clear intent.'" Saunders v. Commonwealth, 56

Va. App. 139, 145, 692 S.E.2d 252, 255 (2010) (quoting Broadnax v. Commonwealth, 24 Va. App. 808, 814-15, 485 S.E.2d 666, 668-69 (1997)).

Here, Officer Hesson believed that appellant was under the influence of something *other than* (or perhaps in addition to) alcohol. Her testimony makes clear that she decided to offer appellant a blood test because she could not detect the odor of alcohol on or near him. In light of the officer's observations, a breath test certainly was not required, given that, by its very nature, a breath test is designed to measure only the amount of alcohol in a person's blood at the time of the test. Taylor v. Commonwealth, 12 Va. App. 419, 422, 404 S.E.2d 78, 80 (1991). On this record, Officer Hesson obviously was permitted to offer a blood test, which appellant was deemed to have consented to take under the provisions of the implied consent statute when he operated a motor vehicle on Virginia's highways. Code § 18.2-268.2(A); see also Cash, 251 Va. at 52, 466 S.E.2d at 739. When an officer, as here, arrests a driver for a DUI offense that involves drugs or substances other than (or even in addition to) alcohol, the officer may require the driver to submit to a blood test to determine the driver's level of intoxication.[6]

### III. CONCLUSION

The record establishes that appellant was arrested for a drug-related DUI offense based on the officer's observations and the lack of any odor of alcohol on or near appellant. Given this situation, the officer's decision to offer appellant a blood test was appropriate under the plain language of the implied consent statute, and the officer was not required to offer a breath test.

---

[6] Given our holding in this case, we need not decide – and do not decide – whether the suppression of the blood test results would be appropriate if the officer had arrested appellant on a DUI charge based solely on the consumption of alcohol. Cf. Cutright v. Commonwealth, 43 Va. App. 593, 600-01, 601 S.E.2d 1, 4-5 (2004) (recognizing suppression remedy in cases of an "unlawful" or "untimely" arrest but not for violations of "the procedural steps of Code §§ 18.2-268.2 through 18.2-268.9"); Overbee v. Commonwealth, 227 Va. 238, 243, 315 S.E.2d 242, 244 (1984) (untimely arrest); Thomas v. Marion, 226 Va. 251, 254, 308 S.E.2d 120, 122 (1983) (unlawful arrest).

On this record, therefore, the trial court properly admitted appellant's blood test results.

Accordingly, we affirm appellant's conviction for DUI under Code § 18.2-266.

Affirmed.