PRESENT:  All the Justices

NATHAN LEE SHIN

v.  Record No. 170128

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE CLEO E. POWELL
December 28, 2017

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
John M. Tran, Judge

Nathan Lee Shin ("Shin") appeals the circuit court's ruling that he unreasonably refused to submit to a breath test in violation of Code § 18.2-268.3.  Shin contends that Virginia's implied consent law (Code §§ 18.2-268.2 and -268.3) imposes an unconstitutional condition upon the privilege to drive within the Commonwealth and, therefore, it was reasonable for him to refuse to provide a blood or breath sample when he was arrested on suspicion for driving while intoxicated ("DWI").  Additionally, he takes issue with the fact that Code § 18.2-268.3 lacks an objective definition of what constitutes a reasonable refusal under the statute.  Finally, he claims that the implied consent law violates Article I, § 8 of the Virginia Constitution.

I.  BACKGROUND

On August 29, 2015, Shin was detained on suspicion of DWI.  Upon arresting Shin, the arresting officer demanded that he provide a blood and breath sample.  Shin declined, stating that he did not believe he was intoxicated.  The arresting officer then read a statutorily required form (Form DC-233 (rev.7/2005), hereafter the "Implied Consent Declaration") to Shin.  *See* Code § 18.2-268.3(C) (requiring an arresting officer to advise an individual arrested for DWI of the implied consent law using "a form provided by the Office of the Executive Secretary of the

Supreme Court").[1]  The relevant portion of the Implied Consent Declaration stated: "You shall submit to a breath test.  If the breath test is unavailable or you are physically unable to submit to the breath test, a blood test shall be given."[2]  Shin refused to provide a sample and signed a "Declaration of Refusal," which stated that he had been advised by the arresting officer about the law requiring that he "permit the taking of a breath sample and/or a blood sample" and the penalty for unreasonably refusing to provide such samples.

Shin was subsequently charged with DWI - second offense, unreasonable refusal of a breath or blood test - second offense, and making an improper lane change.  Shin was tried in the general district court and he was convicted of DWI - second offense, unreasonable refusal of a breath or blood test - first offense, and improper lane change.  Shin appealed his convictions to the circuit court and demanded a jury trial.

At trial, after the Commonwealth presented its evidence and Shin moved to strike, the parties agreed that the jury demand should be waived as to the unreasonable refusal charge because that charge involved purely legal questions.  The circuit court agreed and took the matter under advisement.  The jury subsequently acquitted Shin of DWI - second offense, but convicted him of the improper lane change charge.

The parties then submitted opposing briefs on the unreasonable refusal charge.  After considering the parties' arguments, the circuit court found Shin's refusal was unreasonable and,

---

[1] In 2017, the General Assembly substantially amended Code § 18.2-268.3.  *See* 2017 Acts ch. 623.  For the purposes of this opinion, however, we will rely on the version of Code § 18.2-268.3 in effect at the time the offense occurred.

[2] In light of the General Assembly's substantial amendment to Code § 18.2-268.3, portions of the Implied Consent Declaration form were modified by the Office of the Executive Secretary of the Supreme Court.  The language relevant to the present case was not modified.

2

therefore, in violation of Code § 18.2-268.3.  The circuit court then suspended Shin's license for one year.

Shin appeals.

## II.  ANALYSIS

On appeal, Shin argues that the circuit court erred in finding that he violated Code § 18.2-268.3 for several reasons.  Shin contends that the implied consent law violates the unconstitutional conditions doctrine and, therefore, he reasonably refused the arresting officer's demand for both a blood and breath sample.  He further asserts that Code § 18.2-268.3 is unconstitutionally vague.  Finally, he claims that the implied consent law violates Article I, § 8 of the Virginia Constitution by compelling him to provide the Commonwealth with potentially incriminatory evidence.

## A.  UNCONSTITUTIONAL CONDITIONS

In his first two assignments of error, Shin argues that the trial court erred in finding that his refusal was unreasonable because Virginia's implied consent law violates the unconstitutional conditions doctrine.  According to Shin, the implied consent law conditions his driving privileges within the Commonwealth on the waiver of his Fourth Amendment right against unreasonable searches.  He therefore concludes that it was reasonable for him to refuse to waive his rights and provide the blood and breath samples requested by the arresting officer.  We disagree.

The unconstitutional conditions doctrine states that:

> a State can not grant a privilege subject to the agreement that the grantee will surrender a constitutional right, even in those cases where the State has the unqualified power to withhold the grant altogether.  Where such a condition is imposed upon the grantee, he may ignore or enjoin the enforcement of the condition without thereby losing the grant.

3

*City of Alexandria v. Texas Co.*, 172 Va. 209, 217, 1 S.E.2d 296, 299 (1939).

The rationale underlying this doctrine is simple:

> If the state may compel the surrender of one constitutional right as a condition of its favor, it may, in like manner, compel a surrender of all. It is inconceivable that guaranties embedded in the Constitution of the United States may thus be manipulated out of existence.

*Frost & Frost Trucking Co. v. Railroad Comm'n of Cal.*, 271 U.S. 583, 594 (1926).

The relevant portion of the implied consent law states:

> Any person . . . who operates a motor vehicle upon a highway . . . in the Commonwealth shall be deemed thereby, *as a condition of such operation, to have consented to have samples of his blood, breath, or both blood and breath* taken for a chemical test to determine the alcohol, drug, or both alcohol and drug content of his blood, if he is arrested . . . within three hours of the alleged offense.

Code § 18.2-268.2(A) (emphasis added).

Shin's argument focuses entirely on the portion of the implied consent law that conditions the privilege of operating a motor vehicle on the operator's consent to provide a blood sample. He claims that, because the Fourth Amendment requires police to get a warrant to draw a blood sample,[3] the implied consent law cannot condition his driving privileges upon consent to provide a blood sample, as such a condition requires him to waive his Fourth Amendment rights.[4] Therefore, according to Shin, under the unconstitutional conditions doctrine, it was reasonable for him to ignore the arresting officer's demand for a blood sample.

---

[3] *See Missouri v. McNeely*, 569 U.S. 141, 152 (2013) ("In those drunk-driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so.")

[4] Notably, Shin takes no issue with regard to the fact that our implied consent law also conditions the operation of a motor vehicle within the Commonwealth on the consent to provide a breath sample. Nor could he, as such a condition does not involve the waiver of a

4

It is important to note, however, that the operation of a motor vehicle within the Commonwealth is not conditioned solely upon the operator's consent to provide a blood sample; it is conditioned upon the operator consenting to providing a blood sample *or* a breath sample *or* both a blood and a breath sample. Code § 18.2-268.2(A). The fact that Code § 18.2-268.2(A) is written in the disjunctive is important because the Supreme Court of the United States has expressly held that "the Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving." *Birchfield v. North Dakota*, 579 U.S. ___, ___, 135 S. Ct. 2160, 2184 (2016). Accordingly, conditioning driving privileges on consent to provide a breath sample is, by definition, not an unconstitutional condition. Thus, the unconstitutional conditions doctrine could only apply in the present case if the record demonstrates that Shin's refusal was based on the arresting officer's demand for a blood sample, and not his demand for a breath sample.

Recognizing this, Shin focuses on the fact that the arresting officer purportedly demanded both a blood *and* a breath test. Shin claims that, due to the conjunctive nature of the demand, the arresting officer was demanding both a blood sample and a breath sample. Shin posits that this all-or-nothing approach by the arresting officer allowed him to reasonably refuse to provide any sample, as the officer did not have a warrant requiring him to submit a blood sample. We note, however, that Shin's argument is based on a narrow reading of the record, that is devoid of any context. Notably, Shin's interpretation of the record focuses entirely on the portion of the written statement of the facts made part of the record pursuant to Rule 5:11(e), the relevant portion of which states that "[t]he arresting police officer demanded a blood and breath test from

---

constitutional right. *See Birchfield v. North Dakota*, 579 U.S. ___, ___, 136 S. Ct. 2160, 2184 (2016) (holding that "the Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving.").

[Shin], first orally, and then by means of reading the Implied Consent [D]eclaration." Absent any additional context, it would appear that Shin is correct and the arresting officer did request a sample of both blood and breath.

However, when this statement is viewed in conjunction with the Implied Consent Declaration, the actual nature of the arresting officer's demand becomes readily apparent. The Implied Consent Declaration states: "You shall submit to a breath test. If the breath test is unavailable or you are physically unable to submit to a breath test, a blood test shall be given."[5] Thus, when viewed in the proper context, it is clear that the arresting officer did not demand both a blood and breath sample. Instead, the officer's actual demand was for a breath sample, and any demand for a blood sample was, at best, conditioned upon Shin's inability to provide a breath sample or the arresting officer's inability to take a breath sample. As neither of these conditions were met, it cannot be said that there was an actual demand for a blood sample in the present case. Accordingly, we do not reach the question of whether the unconstitutional conditions doctrine applies to the portion of the implied consent law that addresses blood samples.[6]

### B. VOID FOR VAGUENESS

Shin next argues that Code § 18.2-268.3 is unconstitutionally vague because it does not provide a fixed, objective legal standard for determining when a refusal is reasonable. He claims that the lack of such an objective standard makes it impossible for an individual to determine in advance whether his refusal to provide the required sample will be deemed reasonable or

---

[5] The operative language of the Declaration of Refusal, which Shin signed contemporaneous with his refusal, is virtually identical to the language in the Implied Consent Declaration.

[6] Similarly, we do not address whether the nature of the punishment has any bearing on the application of the unconstitutional conditions doctrine to a blood draw under the implied consent law.

6

unreasonable. This, according to Shin, indicates that the reasonableness of a refusal is entirely subjective, which, in turn, results in arbitrary enforcement.

"[S]tatutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language." *United States v. National Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963). Rather, it has been recognized that "[v]oid for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." *Id.* at 32-33. The Supreme Court of the United States has explained that a law is unconstitutionally vague "if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case." *Giaccio v. Pennsylvania*, 382 U.S. 399, 402-03 (1966).

By arguing that Code § 18.2-268.3 is unconstitutionally vague, Shin is raising a facial constitutional challenge to the statute, which this Court reviews de novo. *Toghill v. Commonwealth*, 289 Va. 220, 227, 768 S.E.2d 674, 678 (2015).

> Facial challenges are disfavored because they create a risk of "premature interpretation of statutes on the basis of factually barebones records"; they "run contrary to the fundamental principle of judicial restraint that courts should neither anticipate a question of constitutional law in advance of the necessity of deciding it nor formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied," and they invalidate an entire law that was passed through the democratic process.

*Id.* at 227-28, 768 S.E.2d at 678 (quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450 (2008) (some internal quotation marks omitted)).

Before a litigant can mount a successful facial challenge to a statute, that litigant must first show "that the statute in question is unconstitutional as applied to him." *Id.* at 228, 768 S.E.2d at 678. "[I]f a statute is constitutional as applied to a litigant, he or she lacks standing to

assert a facial constitutional challenge to it, and the statute is not facially unconstitutional because it has at least one constitutional application." *Id.* Thus, before we can address whether Code § 18.2-268.3 is unconstitutionally vague, we must first determine whether the statute would be unconstitutional as applied to Shin.

In determining the sufficiency of the notice provided by a statute, the statute "must of necessity be examined in the light of the conduct with which a defendant is charged." *National Dairy Prods.*, 372 U.S. at 33. Therefore, because Shin's argument is that Code § 18.2-268.3 lacks an objective standard for determining whether a refusal is reasonable, in order to have standing to challenge the constitutionality of the statute, Shin must first establish that his reason for refusing to take the breath test was objectively reasonable. Under the facts of this case, he has failed to meet this burden.

Here, the record demonstrates that Shin refused to take the breath test because "he did not believe he was intoxicated and should not have been subjected to such tests." Such a belief is entirely subjective. Indeed, this Court has expressly held that "a driver's subjective belief that he was not under the influence of alcohol is not a reasonable basis for refusing the test." *Cash v. Commonwealth*, 251 Va. 46, 50, 466 S.E.2d 736, 738 (1996). As we explained in *Cash*, the entire purpose of a breath test is to objectively prove or disprove the sobriety of the individual. *Id.* at 52, 466 S.E.2d at 739 ("The chemical analysis of one's blood provides a scientifically accurate method of determining whether a person is intoxicated; it protects one who may appear to be intoxicated when, in fact, the individual is sober.").

Moreover, it cannot be said that there is no objective standard for determining when a refusal is reasonable. Notably, this Court has provided an illustration of such an objectively reasonable refusal: where a person's health would be endangered by the test. *See id.* at 50, 466

8

S.E.2d at 738 (citing *Deaner v. Commonwealth*, 210 Va. 285, 293, 170 S.E.2d 199, 204 (1969)); *see also Bailey v. Commonwealth*, 215 Va. 130, 131, 207 S.E.2d 828, 829 (1974). Thus, the public is not, as Shin insists, unaware of what constitutes a reasonable refusal, because our case law provides an explicit example. *See generally Flannery v. Norfolk*, 216 Va. 362, 366, 218 S.E.2d 730, 733 (1975).

As Shin failed to offer an objectively reasonable basis for refusing to provide a breath sample, he has necessarily failed to establish that Code § 18.2-268.3 was unconstitutional as applied to him. Accordingly, Shin lacks standing to challenge the constitutionality of the statute. Further, because there is at least one constitutional application of Code § 18.2-268.3, Shin's facial constitutional challenge also fails.

### C. ARTICLE I, SECTION 8 OF THE VIRGINIA CONSTITUTION

Finally, Shin argues that the implied consent law violates Article I, § 8 of the Virginia Constitution because it compels him to provide police with the evidence that may be used to establish his guilt. Shin relies on the plain language of Article I, § 8 of the Virginia Constitution, which explicitly states that no individual shall "be compelled in any criminal proceeding to give evidence against himself." According to Shin, a blood or breath sample is evidence under Article I, § 8 of the Virginia Constitution, as such samples are ultimately used to determine an individual's blood alcohol content and, therefore, Shin cannot be compelled to provide such samples.

Shin acknowledges that this Court has previously addressed this issue and come to the opposite conclusion in *Walton v. City of Roanoke*, 204 Va. 678, 133 S.E.2d 315 (1963). However, he asserts that *Walton* was wrongly decided because the Court relied extensively on the Fifth Amendment jurisprudence of the Supreme Court of the United States. According to

9

Shin, the protection provided by the Fifth Amendment is much narrower than that provided by Article I, § 8. He notes that the Fifth Amendment uses the term "witness" and, therefore, its protection "does not extend beyond testimonial compulsion." *Walton*, 204 Va. at 682, 133 S.E.2d at 318. Article I, § 8, on the other hand, uses the term "evidence." As testimony is one form of evidence, Shin insists that Article I, § 8 must encompass much broader protection. We disagree.

*Walton* does not, as Shin insists, narrow the scope of Article I, § 8 to fit within the confines of the Fifth Amendment. Rather, the Supreme Court of the United States expressly broadened the scope of the Fifth Amendment to encompass the broader protections against self-incrimination guaranteed by various state constitutions, including Virginia's.

> [A]s the manifest purpose of the constitutional provisions, both of the States and of the United States, is to prohibit the compelling of testimony of a self-criminating kind from a party or a witness, the liberal construction which must be placed upon constitutional provisions for the protection of personal rights would seem to require that the constitutional guaranties, however differently worded, should have as far as possible the same interpretation; and that where the constitution, as in the cases of Massachusetts and New Hampshire, declares that the subject shall not be "compelled to accuse or furnish evidence against himself," such a provision should not have a different interpretation from that which belongs to constitutions like those of the United States and of New York, which declare that no person shall be "compelled in any criminal case to be a witness against himself." . . . It is a reasonable construction, we think, of the constitutional provision, that the witness is protected "from being compelled to disclose the circumstances of his offence, the sources from which, or the means by which, evidence of its commission, or of his connection with it, may be obtained, or made effectual for his connection, without using his answers as direct admissions against him." *Emery's Case*, 107 Mass. 172, 182 (Mass. 1871)

*Counselman v. Hitchcock*, 142 U.S. 547, 584-85 (1892) (quoting *Emery's Case*, 107 Mass. 172, 182 (Mass. 1871)). *See also Schmerber v. California*, 384 U.S. 757, 761 n.6 (1966).

It is further worth noting that Shin's argument divorces the term "evidence" from the context in which it is used. Article I, § 8 does not, as Shin insists, protect an individual from having to give incriminatory evidence. Rather, by its plain language, Article I, § 8 only protects an individual from being compelled to "give evidence against himself." In other words, an individual cannot be compelled to give self-incriminating evidence.

The distinction is subtle, but important. Self-incriminating evidence is testimonial or communicative of the individual's thoughts, whereas incriminatory evidence is not. *See Schmerber*, 384 U.S. at 765 (holding that "blood test evidence, although an incriminating product of compulsion, was neither petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner" and, therefore, "it was not inadmissible on privilege grounds."). As this Court recognized long ago, if Article I, § 8 applied to protect an individual from having to provide any incriminatory evidence, "then no one accused of crime could be compelled to submit to fingerprinting, photographing, or the routine police 'line up' for identification, which are everywhere admitted to be proper." *Owens v. Commonwealth*, 186 Va. 689, 702, 43 S.E.2d 895, 901 (1947). A breath test, like a blood test, is not testimonial; it does not communicate anything related to an individual's thoughts or motivations. Accordingly, the implied consent law does not implicate the protections encompassed by Article I, § 8 of the Virginia Constitution.

## III. CONCLUSION

For the foregoing reasons, we will affirm the decision of the circuit court.

*Affirmed.*

11