COURT OF APPEALS OF VIRGINIA

Present: Judges Ortiz, Frucci and Bernhard
Argued at Fairfax, Virginia


COMMONWEALTH'S ATTORNEY OF
 STAFFORD COUNTY

                                                              OPINION BY
v.        Record No. 0396-24-4                     JUDGE STEVEN C. FRUCCI
                                                              APRIL 29, 2025

ROSA SERRANO


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
J. Bruce Strickland, Judge

Phillip Corliss Krone (Alexander Francuzenko; Cook Craig &
Francuzenko, on briefs), for appellant.

David M. Parker (Trevor S. Cox; Simon Sandoval-Moshenberg;
Hunton Andrews Kurth LLP; Murray Osorio PLLC, on brief), for
appellee.

Michael Dingman, Assistant Solicitor General (Jason S. Miyares,
Attorney General; Erika L. Maley, Solicitor General; Graham K.
Bryant, Deputy Solicitor General, on brief), for the Commonwealth
of Virginia.


Under federal law, immigrants who are victims of certain crimes,[1] and who assist law

enforcement in investigating and prosecuting those crimes, may apply for a United States

nonimmigrant status ("U Visa"). 8 U.S.C. § 1101(a)(15)(U)(i)–(iii). Their application must

include "a certification" from a "Federal, State, or local law enforcement official, prosecutor,

judge, or other Federal, State, or local authority investigating [the] criminal activity." 8 U.S.C.

---

[1] Such crimes include "domestic violence," "felonious assault," or "any similar activity."
8 U.S.C. § 1101(a)(15)(U)(iii).

§ 1184(1).[2] In conjunction with this, Virginia enacted the Certifications for Victims of Qualifying Criminal Activity Act ("Act") to provide a procedure for applicants to obtain a "certification form" from "[c]ertifying official[s]" in Virginia.[3] Code § 9.1-1500-1503.

Following a request to complete a certification form from Rosa Serrano, the Commonwealth's Attorney of Stafford County ("Commonwealth's Attorney") refused to sign her certification form. As a result, Serrano petitioned the Circuit Court of Stafford County to review the Commonwealth's Attorney's determination, find his failure to certify unreasonable, execute the certification form, and award her fees and costs. The circuit court held an evidentiary hearing on her petition. At the end of the hearing, the Commonwealth's Attorney presented a written motion requesting that the circuit court find the Act unconstitutional. Following, the circuit court found in favor of Serrano and awarded her attorney fees in the amount of $6,400.

The Commonwealth's Attorney contends the circuit court erred in finding the Act was constitutional, that he acted unreasonably in refusing to certify Serrano, that he "opined that he was unable to verify that . . . Serrano was a victim of a qualifying criminal activity," that attorney fees and costs were to be awarded, and that the attorney fees amount awarded was appropriate when the amount was unreasonable and the Commonwealth's Attorney "was not afforded the

---

[2] The certification includes personal information, information about the agency involved, information about the underlying case and the criminal acts involved, an explanation of how the victim assisted law enforcement, and disclosure of any family members who were culpable in the criminal activity.

[3] Under the Act, a "[c]ertification form" is "a certification form or declaration completed by a certifying agency that is required by federal immigration law certifying that a person is a victim of qualifying criminal activity," a "[c]ertifying official" includes "the head of the certifying agency," and a "[c]ertifying agency" includes "an attorney for the Commonwealth." Code § 9.1-1500.

opportunity to respond." For the reasons stated below, this Court affirms the circuit court's judgment.

BACKGROUND

In 2022, Serrano was the victim in a criminal case where the defendant was charged with assault and battery under Code § 18.2-57, strangulation under Code § 18.2-51.6, and prevention of calling 911 under Code § 18.2-164 (the "criminal case"). On February 16, 2023, the defendant in the criminal case entered into a plea agreement with the Office of the Commonwealth's Attorney in which the strangulation and prevention of calling 911 charges were nolle prossed in exchange for him pleading guilty to the assault and battery charge. Consequently, the defendant was convicted of assault and battery. Also on that day, Serrano, through counsel, delivered a certification form to the Commonwealth's Attorney's office that she had partially filled out.

In May 2023, the Commonwealth's Attorney responded that it was "not appropriate to sign" the certification form, but he did not provide an explanation. Counsel for Serrano requested an explanation for "the denial" and advised that she was going to file for an award of attorney fees and court costs against the Commonwealth's Attorney pursuant to Code § 9.1-1502. The Commonwealth's Attorney replied with a letter that stated he had "indicated that the decision to not certify [the] U Visa application was based on a full review of the case and the parties involved" and that the response was all he was "required to provide." However, he further noted that: (1) the Assistant Commonwealth's Attorney who prosecuted the criminal case had not been aware that Serrano had previously filed for a U Visa that the Commonwealth's Attorney deemed did not merit certification; (2) Serrano's "version of the offense in her latest U Visa application does not match the . . . version of the offense as told to the responding deputy,"

and (3) he could not "say how [this information] would have affected [the] decision to prosecute the [criminal] case."

In June 2023, Serrano petitioned the circuit court to review the Commonwealth's Attorney's determination, find his failure to certify unreasonable, execute the certification form, and award her fees and costs. On August 18, 2023, the circuit court heard argument and received evidence on the petition. Serrano testified about the underlying criminal case, and her attorney argued that Serrano was a victim of qualifying criminal activity who assisted with its prosecution and that the Commonwealth's Attorney unreasonably refused to certify her form. She contended that it is not whether a prosecution results in a conviction that controls whether she could qualify for a U Visa, but whether she was a victim of qualifying criminal activity. With this in mind, she claimed that strangulation was a "similar activity" to those listed in 8 U.S.C. § 1101(a)(15)(U)(iii) and would allow her to qualify for a U Visa.

The Commonwealth's Attorney did not argue against the claim that strangulation was a "similar activity" as used in 8 U.S.C. § 1101(a)(15)(U)(iii), instead he argued that "convictions control the facts," that it "wasn't a domestic assault and battery" case, and that he did not believe Serrano could be found to be "a victim of a qualifying criminal activity as defined under the code." He further contended that he acted reasonably because he could not certify the form as being true when the information in it was not accurate and that he "was not required . . . to give a written explanation if the reasoning is I just can't sign this because I'd be committing an act of perjury."

In support of this argument, the Commonwealth's Attorney claimed for the first time that the form incorrectly stated that "Name of the Certifying Agency" was the "Commonwealth of Virginia," that Serrano "testified on behalf of the Commonwealth during . . . [the] criminal trial" when the case did not go to trial, that the form identified the criminal act as "domestic violence,

- 4 -

'Va. Code Sec. 19.2-152.7:1,'" when the defendant had been charged with assault and battery under Code § 18.2-57, strangulation under Code § 18.2-51.6, and prevention of calling 911 under Code § 18.2-164, that the form listed the General District Court of Stafford County criminal case number for the strangulation case, and that Serrano had a prior name that she did not include on the form. He also argued that Serrano wrote in the certification form that she was headbutted and suffered a nosebleed during the offenses of the criminal case, but that information was not included in the responding deputy's report in the criminal case. The Commonwealth's Attorney also took issue with Code § 9.1-1501, claiming that it does not give certifying officials "a choice to refrain from signing" in the face of an inaccurate form regardless of if the applicant may be a victim of qualifying criminal activity.

In response to his arguments, Serrano pointed out that the Commonwealth's Attorney never communicated the "clerical error[s]" to her and argued that the Act requires an explanation to be given if he refuses to sign or cannot determine if she is a victim of qualifying criminal activity and that the "more reasonable" option would have been for the Commonwealth's Attorney to provide its explanation for refusing to certify the form.

Following, the circuit court indicated it was going to take the matter under advisement and adjourn the hearing. At that time, the Commonwealth's Attorney submitted a written motion that argued the Act was unconstitutional. He requested that the circuit court receive the motion, "give [opposing] counsel an opportunity" to respond if desired, and "make a decision on whether there needs to be some sort of oral argument on the issue." He stated he did not "need to argue." The circuit court received the motion and said it would "take a look at it with everything else." The circuit court then adjourned.

On August 25, 2023, the circuit court entered an order that found, in part: (1) that Serrano was a victim of qualifying criminal activity, (2) that the Commonwealth's Attorney determined

he could not endorse the document, (3) that the Commonwealth's Attorney did "review the application, the police report, and contacted the . . . defense attorney" of the criminal case, (4) that "[t]he Commonwealth's Attorney opined that he was unable to verify that . . . Serrano was a victim to qualifying criminal activity since the suspect was ultimately convicted of Assault and Battery rather tha[n] Assault and Battery against a Family or Household Member," (5) "that given the police reports, criminal charges and conviction, and the Commonwealth's Attorney's institutional knowledge, [the Commonwealth's Attorney] had sufficient information to certify that . . . Serrano was a victim of qualifying criminal activity and that she was helpful to the investigation," (6) that "Serrano complied with the terms of Virginia Code § 9.1-1501 and there are no circumstances which would justify the non-certification," and (7) that "[t]he Commonwealth's Attorney was required by statute to provide a factual or legal basis as to why he could not certify [that] . . . Serrano was a victim of qualifying criminal activity and failed to do so." The order then stated that the circuit court would execute the certification and that "an award of reasonable costs and attorney fees to [the] prevailing applicant shall be made." Serrano was then given ten days to submit an attorney fees affidavit to allow the circuit court to make the award. In a footnote, the circuit court commented that it did "not accept the Commonwealth's Attorney's assertion that the statute is unconstitutional or that it requires anything other than the person making the certification to do so 'to the best of [my/his] knowledge.'" As the circuit court waived signatures, the parties were given the next twenty-one days to file any written exceptions to the circuit court's rulings.

On September 11, 2023, Serrano filed a "Memorandum in Support of Petitioner's Motion for Costs Attorney's Fees" with an itemized bill totaling $8,138 attached. Later that day, the circuit court entered an order awarding her $6,400 in attorney fees. On September 15, 2023, the Commonwealth's Attorney filed his exceptions to both the August 25, 2023 and the September

11, 2023 orders, taking exception, in part, to the circuit court's "ruling[s] that the 'Commonwealth['s] Attorney also opined that he was unable to verify that . . . Serrano was a victim of a qualifying criminal activity," that the Commonwealth's Attorney acted unreasonably, that attorney fees and costs were to be awarded, that the Act is not "unconstitutionally vague," that the attorney fees amount awarded was appropriate when the Commonwealth's Attorney "was not afforded the opportunity to respond," and that the amount awarded was appropriate when it was "unreasonable." This appeal follows.[4]

ANALYSIS

I. The Certifications for Victims of Qualifying Criminal Activity Act

The Commonwealth's Attorney argues that the circuit court erred in holding that the Act is constitutional because "it is vague and violates the Due Process Clause of the United States Constitution." "The constitutional prohibition against vagueness derives from the requirement of fair notice embodied in the Due Process Clause." *Tanner v. City of Va. Beach*, 277 Va. 432, 439 (2009). "A statute can be impermissibly vague for either" failing "to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or for "authoriz[ing] or even encourag[ing] arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). The circuit court's ruling on the constitutionality of the Act is a challenge that this Court reviews de novo. *See Shin v. Commonwealth*, 294 Va. 517, 526 (2017). "We are guided in this review by the fundamental principle that 'all actions of the General Assembly are presumed to be constitutional.'" *Old Dominion Comm. for Fair Util.*

---

[4] As this appeal challenges the constitutionality of a statute, and neither party is represented by the Attorney General's Office, Rule 3:14A entitles the Attorney General to intervene on behalf of the Commonwealth. The Commonwealth's Attorney filed the required notice of constitutional challenge, and the Attorney General's Office moved to intervene. An order granting the motion was entered by this Court on July 10, 2024. The Attorney General's Office on behalf of the Commonwealth took the position that the Act is constitutional.

*Rates v. State Corp. Comm'n*, 294 Va. 168, 177 (2017) (quoting *Montgomery Cnty. v. Virginia Dept. of Rail & Public Trans.*, 282 Va. 422, 435 (2011)). "[T]herefore 'a heavy burden of proof is thrust upon the party' challenging a statute's constitutionality." *Id.* (quoting *Harrison v. Day*, 200 Va. 764, 770 (1959)). "[T]he unconstitutionality of a statute must be 'clear and palpable.'" *Id.* at 178 (quoting *Gallagher v. Commonwealth*, 284 Va. 444, 452 (2012)). "We are thus compelled to 'resolve any reasonable doubt regarding a statute's constitutionality in favor of its validity.'" *Id.* (quoting *Montgomery Cnty.*, 282 Va. at 435). Furthermore, "if a statute . . . can be construed reasonably in a manner that will render its terms definite and sufficient, such an interpretation is required." *Tanner*, 277 Va. at 438-39.

Under the Act, "[a] certifying official shall (i) respond to requests for completion of certification forms received by the agency . . . and (ii) make information regarding the agency's procedures for certification requests publicly available." Code § 9.1-1501(A). A "certification form" is defined under the Act as a "certification form or declaration *completed by* a certifying agency that is required by federal immigration law certifying that a person is a victim of qualifying criminal activity." Code § 9.1-1500 (emphasis added).

"Any person *seeking completion of a certification form* shall first submit *a request for completion of the certification form* to any certifying official for the certifying agency that detected, investigated, or prosecuted the criminal activity upon which the request is based." Code § 9.1-1501(B) (emphases added). In most instances, "upon receiving a request for completion of a certification form, a certifying official shall provide a response to the request within 120 days." Code § 9.1-1501(D).[5] "*By completing a certification form*, the certifying

---

[5] The deadline to respond may vary on several enumerated factors, including ongoing immigration removal proceedings and written agreement with the applicant or the applicant's representative. *See* Code § 9.1-1501(D). The parties do not allege that any such factor was present in this case.

official attests that the information is true and correct to the best of the certifying official's knowledge."[6] Code § 9.1-1501(F) (emphasis added). If the certifying official determines that the individual "does not qualify" for relief or cannot determine whether the person qualifies, then the certifying official "shall provide a written explanation to the person . . . setting forth reasons why the available evidence does not support a finding that the person is a victim of qualifying criminal activity." *Id.*

If the certifying official "fails to respond . . . or refuses to certify that an applicant was a victim of qualifying criminal activity, the applicant may petition a circuit court to review the determination of the certifying agency." Code § 9.1-1502(B). The circuit court "shall conduct an evidentiary hearing on such petition within 30 days of the filing of the petition." *Id.* If after the hearing, "the circuit court [is] satisfied that the applicant [has] prove[d] their eligibility for *completion of a certification form* by a preponderance of the evidence" and finds "that the certifying agency's refusal to sign was unreasonable, [it] may execute the certification form." *Id.* (emphasis added). When determining "the reasonableness of the certifying agency's decision or failure to respond, the circuit court may consider whether the applicant has complied with the terms of th[e] section and whether circumstances exist that would justify a deferral of a decision." *Id.* Furthermore, if the circuit court finds that "the certifying agency denied the application without a factual or legal justification, or failed to respond to the applicant, the circuit court shall make an award of reasonable costs and attorney fees to a prevailing applicant." *Id.*

The Act is not "so . . . standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is

---

[6] "Completion of a certification form by a certifying official" is not "sufficient evidence that an applicant . . . has met all eligibility requirements for that visa," instead it serves to "verif[y the] factual information relevant to the federal immigration benefit sought, including information relevant for federal immigration officials to determine eligibility for a U . . . visa." Code § 9.1-1501(F).

prohibited and what is not in each particular case." *Shin*, 294 Va. at 525-26 (quoting *Giaccio v. Pennsylvania*, 382 U.S. 399, 402-03 (1966)).  Firstly, the plain language of the Act provides straightforward deadlines and requirements for the Commonwealth's Attorney.  Code § 9.1-1501(D).  While the parties in the case at hand disagree whether the Act requires the Commonwealth's Attorney or Serrano to complete the certification form, the plain language of the Act makes it clear that the form is to be completed by the Commonwealth's Attorney as the certifying official.  Even if one ignores the numerous uses of "completion of a certification form" in Code § 9.1-1502, the Act provides a definition of the term "certification form" that directly states it is a form that is "completed by a certifying agency."  Code § 9.1-1500.  As he would be the one providing the information on the form, the Commonwealth's Attorney would certainly be able to control the accuracy of the document and be able to certify that it is correct to the best of his knowledge.  Furthermore, the Act provides him with a procedure to follow if he determines that the individual does not qualify for the relief sought or if he cannot determine if they qualify with the available evidence.  Code § 9.1-1501(D).  In such instances, the Act does not require the Commonwealth's Attorney to certify that the applicant is a qualified victim, but instead requires the Commonwealth's Attorney to "provide a written explanation to the person . . . setting forth reasons why the available evidence does not support a finding that the person is a victim of qualifying criminal activity."  *Id.*; *see* Code § 9.1-1502(B) (allowing petitions to the circuit court after the Commonwealth's Attorney "refuses to certify").

Secondly, the Act sets forward a judicial review component that does not authorize arbitrary enforcement.  To prevail before a circuit court after a certifying agency fails to respond or refuses to certify, the applicant must prove by a preponderance of the evidence that they are eligible for certification and that the certifying agency's refusal was unreasonable.  *See* Code

§ 9.1-1502(B).[7] The Act provides a series of factors for the circuit court to consider "[i]n assessing the reasonableness of the certifying agency's decision," including whether the applicant complied with the terms of the Act and whether there are factors that would justify a deferral of a decision. *Id.* If an applicant successfully proves this and the circuit court finds that a certifying official failed to respond or denies the applicant without factual or legal justification, the circuit court shall award reasonable costs and attorney fees to the applicant. *See id.*[8] These clear judicial review procedures do not authorize "arbitrary and discriminatory enforcement." *Hill*, 530 U.S. at 732.

---

[7] The Commonwealth's Attorney argues that the Act "fails to provide people of ordinary intelligence with a reasonable opportunity to understand . . . what standards [of liability and immunity] apply." However, the Act clearly lays out that an award of reasonable costs and attorney fees may be awarded to a prevailing applicant if the circuit court also finds that a certifying official failed to respond or denies the applicant without factual or legal justification and that the certifying official is immune from civil or criminal liability "that *may otherwise* occur as a result of so acting or failing to act, except for gross negligence or willful or wanton misconduct." Code § 9.1-1502(A)-(B) (emphasis added).

[8] On appeal, the Commonwealth's Attorney argues for the first time that the Act is unconstitutional because "[g]ranting or denying an application is quite different from completing a form or a signing form" and "[n]othing in [the Act] requires a certifying official to grant or deny an application." As this argument was not raised before the circuit court, it is waived. *See* Rule 5A:18; *Moison v. Commonwealth*, 302 Va. 417, 420 (2023). Furthermore, "[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (alteration in original) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). This "applies both to assertions of fact and law." *Id.* (citing *Wooten v. Bank of Am., N.A.*, 290 Va. 306, 310 n.1 (2015)). "Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong." *Alford v. Commonwealth*, 56 Va. App. 706, 709 (2010) (quoting *Rowe*, 277 Va. at 502). At the evidentiary hearing, the Commonwealth's Attorney repeatedly asserted that the requests for completion of a certification form that his office received were "applications." In his May 2023 response to Serrano, he even stated that he "decided that it was not appropriate to sign the U [V]isa application." As such, to claim now that his refusal to sign the certification form is different than refusing to sign an application is a successive position of an assertion of fact and law that is mutually contradictory of his prior statements and is not permissible. Accordingly, this Court is barred from reaching the merit of the argument.

While there may be some dispute in a particular case over whether a certifying official acted reasonably or with justification or even parts of the Act that may leave room for later interpretation, this does not in itself make the Act unconstitutional. *See Jackson v. W.*, 14 Va. App. 391, 405 (1992) (stating "the fact that there may be room for interpretation does not necessarily render [a statute] impermissibly vague"). The Commonwealth's Attorney has failed to meet his burden in showing that the statute was clearly and palpably unconstitutional; therefore, the circuit court did not err in finding the Act constitutional.

II. The Reasonableness of the Commonwealth's Attorney's Refusal

The Commonwealth's Attorney contends that the circuit court erred in its application of Code § 9.1-1502(B) by finding that the Commonwealth's Attorney's refusal to sign the certification form was unreasonable. This Court will not disturb "factual determinations made by the [circuit] court . . . unless they are plainly wrong or without evidence to support them." *Wetlands Am. Tr., Inc. v. White Cloud Nine Ventures, L.P.*, 291 Va. 153, 160 (2016) (quoting *Perel v. Brannan*, 267 Va. 691, 698 (2004)). However, "[t]he circuit court's application of law to facts . . . is reviewed de novo." *Callison v. Glick*, 297 Va. 275, 288 (2019).

As elaborated above, under the Act, if an applicant petitions the circuit court to review the determination of the certifying official, the circuit court shall execute a certification form if it finds by a preponderance of the evidence that the applicant is a victim of qualifying criminal activity and that the certifying official's refusal to sign was unreasonable. Code § 9.1-1502(B). In the case at hand, the Commonwealth's Attorney does not argue that the circuit court's finding that Serrano was a victim of qualifying criminal activity was error.[9] As such, this Court is

_____

[9] While he does not argue against the circuit court's finding that Serrano was a victim of qualifying activity, the Commonwealth's Attorney does argue that the circuit court erred by making the factual finding that the "Commonwealth['s] Attorney opined that he was unable to verify that . . . Serrano was a victim of qualifying criminal activity since the suspect was

limited to reviewing only the second requirement of the circuit court. *See Banks v. Commonwealth*, 67 Va. App. 273, 289 (2017) (stating this Court is "limited to reviewing the assignments of error presented by the litigant"); *see also* Rule 5A:20(c)(2).

The purpose of a certifying official completing a certification form and certifying that an applicant is a victim of qualifying criminal activity is to "verif[y the] factual information relevant to the federal immigration benefit sought, including information relevant for federal immigration officials to determine eligibility for a U . . . visa." Code § 9.1-1501(F). To accomplish this, the Act provides a straightforward procedure for certifying officials to follow. Upon receiving a request to complete a certification form, a certifying official shall "complete the certification" form. Code § 9.1-1501(D). If they are unable to determine the qualification status of an applicant or determine that the applicant is not qualified, they must provide an explanation in writing to the applicant or the applicant's representative that contains the reasons why the

---

ultimately convicted of Assault and Battery rather than Assault and Battery against a Family or Household Member." In this case, it was the Commonwealth's Attorney who insisted the circuit court take notice that the criminal case "was just an assault and battery under 18.2-57" and "was not a domestic assault and battery." Additionally, after Serrano argued that she was a victim of a qualifying criminal activity, the Commonwealth's Attorney said that he did not "believe [the circuit] court could find today, based on the evidence, that this was a victim of a qualifying criminal activity as defined under the code" and asserted that the circuit court could not find that she was such a victim because "[it] wasn't a domestic assault and battery and there's no evidence whatsoever that the person suffered substantial physical or mental abuse as a result of the qualifying activity." The Commonwealth's Attorney also made it clear that, in his opinion, he, and the circuit court, could not find that a person was a victim of qualifying criminal activity in the absence of specific types of convictions. Though this assertion is directly contradicted by the Act's definition of "qualifying criminal activity" being "any activity, *regardless of the stage of detection, investigation, or prosecution*, designated in 8 U.S.C. § 1101(a)(15)(U)(iii), or in any implementing federal regulations, supplementary information, guidance, and instructions," it does support the circuit court's finding at issue regarding what the Commonwealth's Attorney opined at the hearing. Code § 9.1-1500. As such, the record supports the conclusion that the Commonwealth's Attorney opined that Serrano was not able to be verified as a victim of qualifying criminal activity since the suspect was ultimately convicted of assault and battery rather than assault and battery against a family or household member. Therefore, the circuit court did not err in making that factual determination.

- 13 -

evidence does not support a finding that the person is a victim of qualifying criminal activity. Code § 9.1-1501(D).

Important for the case at hand, prior to and during the evidentiary hearing in the circuit court, the Commonwealth's Attorney never claimed that Serrano did not follow any of his office's "procedures for certification requests." Code § 9.1-1501(A). Rather, the record shows that he initially refused to certify her without providing any explanation. It was only after a request for an explanation that he informed Serrano that his Assistant Commonwealth's Attorney had not been aware that Serrano had previously filed for a U Visa that the Commonwealth's Attorney deemed did not merit certification, that Serrano's "version of the offense in her latest U Visa application does not match the . . . version of the offense as told to the responding deputy," and that he could not "say how [this information] would have affected [the] decision to prosecute the [criminal] case." Though at the evidentiary hearing he claimed "inaccuracies" and typographical errors in the form were his reason for refusing to certify Serrano, it was not until after Serrano petitioned the circuit court that he ever expressed that concern.

Furthermore, the Commonwealth's Attorney claims that, since the certification form was deficient, he did not need to engage in any attempt to determine if Serrano was a qualifying victim and that the errors in the certification form excused him from informing Serrano in writing why he was refusing to certify her. Even if this Court were to ignore that the Act's procedure of having the certifying official complete the certification form, the errors in the form at issue would have, at most, placed the Commonwealth's Attorney in a position of being unable to determine if Serrano was a victim of qualifying criminal activity. Therefore, he was required to provide a written response to her that included why the evidence did not support a finding that she was such a victim (i.e., if the information available to him did not support her being a victim of a domestic violence case even though she checked the box on the form, etc.). Code

§ 9.1-1501(D). The Commonwealth's Attorney offered shifting justifications for his refusal to respond, ranging from general disagreement with Serrano's statements to procedural complaints about form inaccuracies. None of these, however, were raised contemporaneously or accompanied by the written explanation required by the Act. Besides incorrectly claiming he had no such statutory obligation, the Commonwealth's Attorney provided no reason or excuse for why he did not try to determine if Serrano was a victim of qualifying criminal activity, why he did not inform her that there were issues with the certification form, or why he did not follow the procedure provided in the Act. For these reasons, the circuit court did not err in concluding the Commonwealth's Attorney's refusal was unreasonable.

### III. Attorney Fees

The Commonwealth's Attorney claims the circuit court erred by finding that Serrano was entitled to attorney fees. Specifically, the Act provides for attorney fees where a certifying official denies an application and fails to provide factual or legal justification. Code § 9.1-1502(B). The Commonwealth's Attorney contends that he provided a factual and legal justification when he argued that the certification form was inaccurate. However, for the reasons stated above, this argument ignores that the Act requires the Commonwealth's Attorney to respond to requests for the completion of a certification form. The Commonwealth's Attorney's argument that the certification form was inaccurate does nothing to justify why he could not inform Serrano of the inaccuracies in the form nor why they relieved him of his statutory obligation to respond to her request.[10] As such, the record supports the circuit court rejecting his

---

[10] On appeal, the Commonwealth's Attorney asserts for the first time that Serrano's actions should not be considered a "request for completion" because she "took it upon herself to complete the Certification Form and [merely] request that it be signed." As this argument was not raised before the circuit court, it is waived. *See* Rule 5A:18; *Moison*, 302 Va. at 420.

argument, and the circuit court did not err in finding that Serrano was entitled to attorney fees. *See* Code § 9.1-1502(B).

The Commonwealth's Attorney also argues that the circuit court erred by awarding attorney fees without affording him the opportunity to oppose the reasonableness of the attorney fees and in finding that $6,400 was a reasonable amount of attorney fees. Assuming without deciding it was error for the circuit court not to give the Commonwealth's Attorney the opportunity to oppose the reasonableness of the attorney fees, any such error was harmless.[11] The Court "review[s] an award of attorney's fees for abuse of discretion." *Lambert v. Sea Oats Condo. Ass'n, Inc*., 293 Va. 245, 252 (2017).

> The three principal ways a court abuses its discretion are "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

*Id.* at 252-53 (quoting *Manchester Oaks Homeowners Ass'n v. Batt*, 284 Va. 409, 429 (1999)). "Where, as here, a statute authorizes recovery of attorney's fees . . . , the fact finder is required to determine from the evidence the amount of the reasonable fees under the facts and circumstances of each particular case." *Tazewell Oil Co. v. United Virginia Bank/Crestar Bank*, 243 Va. 94, 111-12 (1992). When weighing the reasonableness of attorney fees, the Supreme Court of Virginia has identified seven, non-exhaustive factors that the fact finder can consider:

> [(1)] the time and effort expended by the attorney, [(2)] the nature of the services rendered, [(3)] the complexity of the services, [(4)] the value of the services to the client, [(5)] the results obtained, [(6)] whether the fees incurred were consistent with those

---

[11] It is uncontested that the Commonwealth's Attorney was aware of the request for attorney fees and that he included three exceptions in opposition to the order awarding $6,400 in attorney fees. He also does not challenge any notice of the award or the entry of the order awarding the attorney fees. Additionally, neither party challenges the circuit court's timing of establishing the procedure to adjudicate the claim for attorney fees. *See* Rule 3:25(d).

generally charged for similar services, and [(7)] whether the services were necessary and appropriate.

*Lambert*, 293 Va. at 254 (alterations in original) (quoting *Manchester Oaks*, 284 Va. at 430). Often "expert testimony . . . is necessary to assist the fact finder, [however,] such testimony is not required in every case." *Id.*

In this case, the circuit court received evidence regarding each of the factors both in the manner of the evidence and arguments presented at the evidentiary hearing and the memorandum with the itemized bill supplied by Serrano. While the Commonwealth's Attorney labels the $6,400 as an unreasonable amount, he presents no evidence or argument on why it is unreasonable.[12] As the evidence and record support the amount fixed by the circuit court, there is no error in the circuit court's allowance.

### CONCLUSION

Accordingly, we affirm the circuit court's judgment.

*Affirmed.*

---

[12] The Commonwealth's Attorney also does not contend that the memorandum and attached itemized bill were not sufficient to prove the amount of attorney fees or to comply with the circuit court's prior order.